The action was continued nisi for advisement, and at the succeed ing term, in Berkshire, a new trial was ordered.
Parker, C. J.
Upon consideration, we are satisfied that the direction, given by the judge to the jury in the trial of this action, was wrong ; and that the judgment, although suffered by default, precluded the party, against whom it was rendered, from impeaching it for any cause of which he might have availed himself upon a trial.
The general principle is certainly clear, that, upon a scire facias, or in an action of debt upon judgment, no defence can be admitted *235 which existed prior to the judgment; and for this sufficient reason, in addition to the sanctity of judgments of courts of record, that there would be no termination to suits, if parties were permitted to lie by when regularly called into court, and suffer a judgment to go against them, and then, upon a process instituted to enforce the judgment, to allege matters to impeach it, which might have * prevented the judgment, if the party had not been either [*270] grossly ignorant or designedly vexatious. If such a defence could be admitted against a first judgment, it might also against a second, and against as many as might, from time to time, be obtained, in consequence of the omission of the debtor to satisfy the debt.
Matters happening after the rendition of judgment may be pleaded in discharge of it; such as payment, or a release. And an audita querela, to prevent or recall an execution, may be sustained upon some ground which occurred after the rendition of judgment ; so that the debtor had no opportunity to plead it to the action or to give it n evidence. But a payment of part of a demand, or of the whole of it, made before judgment, could not support a plea of payment to an action brought upon such judgment, or an audita querela; because it was the folly of the party, that he had not the advantage of it before judgment rendered.
It was supposed, however, in the argument, that, although this general principle is true, it is not applicable to a defence of usury, which goes to nullify and destroy all securities taken, which are affected by it.
But no distinction is found, in the books, between this and any other defence. The judgment is, in all cases, considered conclusive evidence of the existence and justice of the demand ; and, unless voidable for error, it cannot be impeached, except for matter going in discharge of it ex post facto ; and, even in that case, the proceedings by plea or by audita querela do not disaffirm the judgment, but merely show that it has been virtually executed.
The authorities, cited to maintain the contrary doctrine, (1) are principally cases of judgments confessed upon warrants of attorney, which are altogether different from those which are rendered, in the ordinary course of law, in adversary suits.† In the former there is no opportunity to plead. Indeed, such judgments are mere assurances, like the confessions before justices of the peace under our statute of 1782, * c. 21. Such is the case, also, of a fine [* 271 ] levied upon an usurious contract. But in the case of a *236 judgment upon an adversary suit, where the party is duly summoned, but chooses to make no defence, we see no reason for his having a future opportunity, any more than if he had gone to trial and had neglected to produce his evidence, which could never authorize him to impeach the judgment.
There is much more reason here, than in England, for refusing this defence. For, by our standing laws, if a judgment has been rendered against any party by mistake, accident, or any unforeseen cause, he may, on petition, have a review within a limited period. So that, if a party should have been defaulted, he is not left without an opportunity to make any legal defence to the suit, unless he shall have forfeited the privilege by his own carelessness. Every default, therefore, which is submitted to until the time for a rehearing is elapsed, must be considered voluntary. And great confusion, as well as a perpetuity of disputes, would be the consequence, if, under such a system, a defaulted party should have the right, whenever he is called upon to satisfy a judgment, to deny its force and operation.
The evidence in this case, therefore, did not legally prove that the mortgage was usurious. The judgment upon the contract, which was affected by usury, having concluded the debtor from showing it in an action upon the judgment, and the residue of the debt being unimpeached, the verdict ought to have been for the plaintiffs. A new trial is therefore granted.†

 Bac. Mr., Title, Usury, E., Cro. Jac. 33; Cro. Eliz. 25. —3 Co. 80, a. — Ord on Usury, 93. — 1 B. & P. 270. — Vin Abr., Usury, I. — 3 Johns. Rep. 139, 250. — 2 Johns Ca. in Error, 280. — Sid 182. — 3 D. & E. 531.

 Vide Roberts vs. Goff, 4 B. & A. 92.

 Bearce vs. Barstow, 9 Mass. Rep. 47. — Flint vs. Sheldon, 13 Mass. Rep. 443.