DANIEL STANIFORD *vs.* HANNAH BARRY, *Administratrix of* JOHN BARRY.

Although an *Audita Querela* is authorized, and the form of the writ given, by statute,yet the cases in which it will lie must be determined by the rules of the common law.

When the party has had a legal opportunity of defence, or when the injury of which he complains is to be attributed to his own neglect, he cannot be relieved by an *Audita Querela.*

But where a good matter of defence has accrued since the judgment, or before the judgment, and he had no opportunity to plead it for want of notice ; or having notice, was deprived of the opportunity by the fraud or collusion of the other party, the party so injured will be relieved by *Audita Querela.*

*AUDITA QUERELA*—In which the complainant set forth, that heretofore, the said *Daniel* and *John Barry*, late of *Colchester*, deceased, in the life time of said John, and at the time of his decease, had mutual and unsettled claims, existing between them, and after the decease of the said *John*, to wit, on the 8th day of September, 1819, the said *Hannah*, who before that time had been appointed administratrix upon the estate of the said *John*, represented the estate insolvent, and the judge of probate appointed *Moses Catlin* and *Davis Stone* commissioners, &c.— that on the 10th day of February, 1820, the said *Daniel* presented his claim against the said *John Barry*, before the said commissioners, for examination and allowance. And the said *administratrix* presented for examination and allowance the claims of the deceased against the said *Daniel;* and the said commissioners thereupon found, upon the adjustment of said mutual claims, a balance due upon the whole, of $7,35, in favour of said estate, against said *Daniel.* And afterwards, to wit, on the 23d day of May, 1820, the said commissioners made report, &c. which was accepted. And on the 17th day of August, 1820, the said *Hannah* sued out a writ in her favour, as administratrix, against the said *Daniel*, made returnable to Chittenden county court, at their September term, 1820, setting forth, that before the 14th day of March, 1818, in the life time of the said *John*, the said *Staniford* recovered a judgment against the said *John Barry*, for $90,33, and had committed the said *John* to jail, by virtue of an execution issued upon said judgment, and the said *Barry*, while in prison, conveyed to said *Staniford*, one share in the *Winooski Turnpike*, being No. 56, in full satisfaction of said judgment.    That a new trial had been granted to the said *John*, and that the said administratrix, by the consideration of the Supreme Court, at their December term, 1819, recovered a judgment for her costs ; and such proceedings were had upon the writ aforesaid, that the said *Hannah*, administratrix, &c. by the consideration of the said county court, at their February Term, 1821, recovered judgment against said *Daniel*, for $94,10 damages, and $12,95 cost, as the value of said turnpike share ; and the complainant avers, that the claim of said administratrix for said share, existed at the time that said commissioners found the said balance of $7,35, as aforesaid.    And afterwards, the said administratrix

41

*Chittenden,*
December,
1825.

Staniford
*vs.*
The adm'r
of Barry.

took out another writ of attachment in her favour against said *Daniel,* founded on the judgment so rendered, &c. and such proceedings were had thereon, that the said *Hannah,* administratrix, &c. by the consideration of Chittenden county court, at their September term, 1823, recovered judgment against said *Daniel,* for $70,60 debt, and $10,08 costs. And after the rendition of said last judgment, the said administratrix took out execution, &c. and that said *Daniel* is in danger, &c. And the said complainant further shows, that by an act of the general assembly of the state of Vermont, passed Nov. 6, 1823, entitled "an act granting to *Daniel Staniford* an appeal from the judgment of commissioners on the estate of *John Barry,* to the Supreme Court," the said Daniel is authorized at any time previous to the first day of January, 1824, to enter an appeal from the decision of said commissioners, to the next term of the Supreme Court, &c. and the proceedings before the Supreme Court and the court of probate, are, by virtue of said act, to be the same in all things as though the said *Daniel* had entered his appeal within the time allowed by law. And the said *Daniel* has, by virtue of said act, entered his appeal in the probate court, &c. according to the directions of said act.—By all which the said Daniel is greatly injured, &c.

Demurrer, and joinder in demurrer.

The cause was submitted, on the briefs of counsel, without argument.

The opinion of the Court was delivered by

PRENTISS, J. It is unnecessary to notice the appeal, taken by the plaintiff from the determination of the commissioners, under the special act of the legislature, passed in his favour, because we have already determined that act to be inoperative and void, and dismissed the appeal taken under it. [*Staniford* vs. *Barry,* 1 *Aikens' Rep.*] The rights of the parties, therefore, are unaffected by the act, and remain in all respects as they were before the act was passed. It may be observed, however, that if the act were valid, and the appeal had been sustained, the only effect would have been, to vacate the judgment and determination of the commissioners, and leave the claims, which subsisted between the plaintiff and the defendant's intestate, and not otherwise adjudicated, still open to litigation. It would not have affected the judgment, which is the subject of the plaintiff's complaint; for this judgment is separate and distinct by itself, and not at all connected with, or dependant on, the proceedings before the commissioners. If the plaintiff suffered the matter embraced in this judgment to be adjudicated in a court of law, and a recovery to be had against him, he is subject to the legal effects of the judgment; and it certainly is no reason why he should be relieved from execution of it, because he now chooses to have the debt brought into the general adjustment of claims on the appeal. He does not even allege, that there is not a balance in favour of the intestate's estate, independent of this

debt, or that he has any cross demands to apply as a set-off against it; and when the matter alleged neither discharges the party, nor shows that he is injured, it surely cannot be heard as a ground of complaint.

Laying the appeal out of the case, we are to consider whether the remaining matter contained in the plaintiff's declaration, is sufficient to entitle him to relief, and enable him to maintain this action. Admitting the adjudication of the commissioners, in the adjustment of the claims between the plaintiff and the intestate's estate, to be a bar to the claim on which the judgment complained of was recovered, it might have been pleaded to the original action, and, therefore, cannot be made the foundation of an *audita querela*, to be relieved against the judgment. Although an *audita querela* is authorized, and the form of the writ given, by statute, yet the cases in which it will lie must be determined by the rules of the common law. Sir William Blackstone says, "an *audita querela* is an equitable action, which lies for a person, who either is in execution, or in danger of being so, on a judgment, when he has matter to show that such execution ought not to have issued, or should not issue against him; and is of a most remedial nature, and seems to have been invented, lest in any case there should be an oppressive defect of justice, when the party has a good defence, but had not, nor has, any other means to take advantage of it. As if the plaintiff has given him a general release, or has received the debt of the defendant without entering satisfaction on the record. In such cases, in which the defendant has good matter to plead, but hath had no opportunity to plead it in the beginning of the suit, or after the last continuance, this writ lies in the nature of a bill in equity, to be relieved against the oppression of the plaintiff." [3 *Blac. Com.* 405.] Thus it lies for bail, when the original judgment against the principal has been reversed, or the principal has paid the debt, after judgment against the bail; or where there is judgment against a jailer for an escape, and then the first judgment is reversed. [*Keyes* vs. *Ive, Cro. Jac.* 645.— *Hob.* 162.] It is not necessary, however, that the matter, upon which the complaint is founded, should have accrued after the judgment; for if it accrued before, and yet the party had no opportunity to plead it to the action, or to give it in evidence, he may have this remedy. As where, while a writ of error is pending, the plaintiff releases all executions, yet affirms the judgment and takes out execution; or where a party, who obtains a verdict at *nisi prius*, releases all actions and demands to the party charged by the verdict, yet afterwards takes judgment upon the verdict, and sues out execution. [3 *Vin. Abr.* 323.] The principle on which these cases proceed is, that although the special matter occurred before judgment, yet the party had no opportunity to plead it; and, it is on this principle, that where a person is sued, and, before the action is entered, pays the debt, which the plaintiff receives in discharge of the action, yet afterwards enters the action, and obtains judgment and execution,

he may be relieved by this writ. [*Lovejoy* vs. *Webber*, 10 *Mass.* 101.] The judgment in such case is fraudulently obtained, and the party is considered as having had no opportunity to plead the payment and discharge. But this remedy does not apply, where the ground of complaint is matter, which might have been pleaded or shown in bar of the judgment. And in no case, where the party had time and opportunity to take advantage of the matter which he has in discharge of himself, and neglected it, can he be relieved by this writ; and he is deemed to have had this opportunity, in all cases where it appears from the return of the officer, that he had legal notice of the suit, unless the matter arose after the commencement of the suit, and he was deprived of his opportunity by means, which bring the case within the principles before mentioned. Thus it is laid down, that where the plaintiff, having obtained judgment against the defendant, releases it, and afterwards brings a *scire facias,* and the sheriff returns *scire feci,* but the defendant does not appear, and there is judgment upon it, he cannot have an *audita querela,* for he had time to plead the release upon the return of the *scire facias,* and having neglected it, the law will not relieve him; and if in truth he was not *warned,* he has his remedy against the sheriff for a false return. [*Wicket* vs. *Creamer,* 1 *Salk.* 264.— 1 *Ld. Raym.* 439.—*Day* vs. *Guilford, T. Raym.* 19.—*Cooke* vs. *Berry,* 1 *Wils.* 98.—3 *Vin. Abr.* 323.—2 *Saund.* 148, *b. c.*] It is, then, a general and well settled principle, that when the party has had a legal opportunity of defence, or when the injury of which he complains is to be attributed to his own neglect, he cannot be relieved by an *audita querela.* If, therefore, the defendant in the present case had no cause of action on which the judgment complained of was recovered, or the proceedings before the commissioners amounted to a bar, the plaintiff might and should have shown this in the original action; and not having done it, he has lost his opportunity, and cannot now be relieved. It may be further observed, that as the matter alleged as a defence, if available against the action, does not go to the merits, but is purely *stricti juris,* the rule of law applies to this case with peculiar and appropriate fitness. The plaintiff's declaration is clearly insufficient, and the defendant is entitled to judgment.

*J. C. Thompson,* for the complainant.

*Charles Adams,* for the defendant.