FRANKLIN,
January,
1830.

JAMES FOSTER vs. JOHN STEARNS.

Where an action was brought before a justice of the peace on a small note due from the defendant to the plaintiff, also for money had and received, and for money paid, and the defendant not appearing, judgement was rendered against him by default; and the plaintiff, without introducing any evidence in support of the common counts, caused to be included in the damages, in addition to the note mentioned in the declaration, the amount of a note, not negotiable, executed by the defendant to a third person,—it was held that the judgement could not be set aside by audita querela.

This was an audita querela brought to vacate a judgement rendered by a justice of the peace in favor of John Stearns vs. James Foster.

The declaration stated, that Stearns commenced an action against Foster before a justice of the peace, declaring on a note executed by Foster to Stearns for $2,50, and payable on demand, also for money paid, laid out and expended, and for money had and received, concluding to the damage of the plaintiff twenty dollars; that Foster did not appear at the return day of the writ to answer to the action, but suffered a judgement to be rendered against him by default; that the said justice of the peace did not at the time of the default, nor at any other time, assess and make up the damages in the case, but delivered the judgement files to Stearns' attorney, who made out, and entered upon the writ, the damages in the action; that no witnesses were called, nor any evidence offered, at the time of the default, nor at any other time, in support of the counts for money had and received, and for money paid, nor to prove to the said justice that Stearns had paid, laid out, or expended any money for Foster, or that Foster had received any money for Stearns, and that no attempt was made to prove any debt, duty or liability against Foster, other than the note mentioned in the declaration; that Stearns had fraudulently and deceitfully, and without the knowledge or consent of Foster, procured to be included in the damages, in addition to the small note aforesaid, a note, not negotiable, executed by said Foster to a third person, for eight dollars, making in the whole the sum of $11,19, as damages; that the justice did not examine how said damages were made up, but issued

an execution therefor, on the application of *Stearns*, and that *Foster*, had been, by virtue thereof, committed to prison. The complaint concluded by praying that said judgement might be set aside, and that the complainant might be allowed a day in court to be heard in the premises.

The defendant demurred to the complaint, but the county court overruled the demurrer, and decided in favor of the plaintiff. The case was reserved for the opinion of this Court.

After argument,

PRENTISS, Ch. J., delivered the opinion of the Court.—The ground of the plaintiff's complaint is, that the judgement, rendered against him in the original action, included the amount of a note, executed by him to one Peleg Stearns, for the sum of eight dollars, payable in grain, which, he alleges, was neither due from him, nor recoverable in the action. The action, it appears, contained a count upon a small note, given by the plaintiff to the defendant, and also counts for money had and received, and money paid, laid out and expended ; and as the plaintiff had legal notice of the suit, it must be taken that he had time and opportunity to make defence against every claim which might properly be recoverable under either of the counts. When a party has had a legal opportunity of defence, or the injury of which he complains is to be attributed to his own neglect, he cannot be relieved by an *audita querela*.—(*Staniford* vs. *Barry*, 1 *Aik. Rep.* 321.) Although the note given to Stearns would not, of itself, be any evidence under either count in the suit, yet if it was accompanied with proof that the defendant paid and took up the note at the request of the plaintiff, the amount of it might have been properly recoverable under the count for money paid and advanced. We must suppose that some proof was given, in connection with the note, or the amount of it would not have been included in the judgement ; but whether any, or what proof was given, cannot be a subject of inquiry in this action. If sufficient proof might have been given, or the defendant, under any supposable state of facts, might have been entitled to recover the amount of the note, under either of the counts in the suit, we must presume the judgement to be right.

The allegation, that no evidence was given to support the count for money had and received, or for money paid, laid out and expended, and that the defendant fraudulently procured the amount of the note to be included in the judgement, can have no effect,

<div style="float:left">

FRANLLIN,
January,
1830.

Foster
*vs.*
Stearns

</div>

inasmuch as the judgement must be taken to be the judicial act of the justice who rendered it, and no inquiry can be had, on this process, into the grounds or merits of it, or whether it was rendered upon sufficient or insufficient evidence. The substance of the complaint is not that the defendant might not have recovered in the action, on proper and sufficient evidence, all that was included in the judgement, but that he recovered without evidence, or on insufficient evidence, more than he was entitled to. In the case of *Dodge* vs. *Hubbell*, 1 *Vt.Rep.* 491, the complaint was, that the damages in the judgement sought to be relieved against, were assessed, in an action of trespass on default, without evidence, and were excessive ; and it was held to be no ground for an *audita querela*. The doctrine of that case is, that where a party, competent to defend his rights, has had an opportunity to do it, and the judgement against him, is rendered by a court of competent authority, this process does not lie to overhaul its merits, and correct an error in the assessment of damages, or any other alleged error or injustice in the judgement. The act of 1829, authorizing a petition to the county court, furnishes a remedy, by which relief may be obtained against the judgement of a justice rendered on default, in many cases of wrong and injustice, where by the rules of law an *audita querela* will not lie.

<div style="text-align:center">

Judgement of the county court reversed,
and judgement entered for the defendant.

</div>

*Read*, for plaintiff.
*Royce and Hunt*, for defendant.