JOHN G. FAXON *vs.* BENJAMIN D. BAXTER & another.

If an insolvent debtor neglects to plead proceedings in insolvency, and his subsequent discharge therein, in defence to a suit pending against him, but allows judgment by default, and is arrested and committed to jail, he has no remedy by *audita querela.*

AUDITA QUERELA. It was submitted to the court of common pleas, and by appeal to this court upon a statement of facts, which, so far as material, were as follows: The present defendants, on the 15th March, 1850, commenced an action on a promissory note against James Whiting & company, of which firm the present plaintiff was a member. Said action was entered at the April term, 1850, but there was no appearance for either defendant, and judgment was rendered against them, 13th June, 1850. Several executions were successively issued on said judgment, and on the last execution, the present plaintiff, Faxon, was arrested, November 5th, 1850, and committed to the jail in Boston. On the 16th March, 1850, the plaintiff petitioned for the benefit of the insolvent law of 1838, *c.* 163, and on the 10th October, 1850, he was duly discharged from all his debts provable under said act. By the terms of said discharge the plaintiff was also "exempted from arrest and imprisonment in any suit or upon any proceeding for or on account of any debt or demand whatever which might have been proved against his estate." At the second meeting of the creditors of said Faxon, held May 9, 1850, the present defendants proved the note on which the suit was

then pending, against the estate of said Faxon; but said claim was withdrawn by consent of the commissioner, at the third meeting, held June 11, 1850, although without the knowledge of said Faxon. Neither the discharge, nor any of the proceedings in insolvency were ever presented to the court where the action was pending, and no suggestion of their existence was ever made upon the record. Upon these facts the parties agreed that if the present action was not maintainable, verdict should be entered for the defendants.

*H. C. Hutchins,* for the plaintiff.

*B. F. Hallett,* for the defendants.

METCALF, J. The court are of opinion that the plaintiff is not entitled to the remedy which he seeks. It is a settled principle, that where a party has had time to take advantage of the matter which discharges him, and neglects it, he cannot afterwards be helped by an *audita querela.* Com. Dig. *Audita Querela,* C.; *Staniford* v. *Barry,* 1 Aik. 321. " Allegations of abuse," says Mr. Justice Sewall, " are not to be heard as a ground of complaint, where the party complaining has already had a legal opportunity of defence, or when the injury, if any has been sustained, is to be attributed to his own neglect; for otherwise legal proceedings would be endless." *Lovejoy* v *Webber,* 10 Mass. 103. See also 12 Mass. 270, 271.

In the present case, the judgment, from which the party asks to be relieved, was rendered on the 10th of June, 1850; and the note, on which the judgment was rendered, was proved against his estate in insolvency proceedings, on the 9th of May preceding. He, therefore, had an opportunity to resist a judgment in the action at law. He might have appeared in that action, and have obtained a continuance until his discharge in insolvency was granted, and then have interposed that discharge as a bar to further proceedings. Instead of doing this, he suffered judgment to go against him by default. He is a sufferer by his own laches, and has no redress by *audita querela.*

No defence has arisen since the judgment. The plaintiff's discharge, under the insolvent laws, was granted, it is true, after the rendition of judgment. But the judgment was not

thereby discharged; because, as it was recovered after the first publication of notice that a warrant had issued for taking possession of the plaintiff's estate, it was not provable against that estate.    Not being provable, it was not discharged. *Sampson* v. *Clark,* 2 Cush. 173; *Woodbury* v. *Perkins,* 5 Cush. 86; *Mann* v. *Houghton,* 7 Cush. 592.

According to the agreement of the parties, a verdict is to be entered for the defendants