HILLARD WITHERELL *v.* GOSS & DELANO.

*Audita Querela. Officer's Return.*

The return of an officer is conclusive evidence, between the parties to a suit, that the defendant was notified of the time and place when and where the writ was returnable.

The return of the officer being conclusive, *audita querela* cannot be sustained to set aside the judgment for want of notice of the commencement and pendency of the suit.

And in such case if the party had no notice of the suit, he may have his remedy against the officer for a false return, or he may, under the provisions of the Comp. Stat. 281 § 8, 9, prefer his petition to the county court for relief.

AUDITA QUERELA, brought to set aside the judgment of a justice of the peace, on the ground that the complainant had no notice of the suit, except such as was conveyed to him by a copy, in which he was notified to appear at L. Henry's office in Waterbury, on the 19th day of February, 1853, at one o'clock, P. M.; and that the complainant, on said 19th day of February, 1853, repaired to said Waterbury, to make defense with his counsel and witnesses, and about two o'clock, P. M., went to the office of said Henry, who

was the attorney of said Goss & Delano, and there demanded to be heard in said suit; but said Henry informed complainant that judgment had been taken against him in said suit, in the forenoon of said day, and that the time set in said writ for complainant to appear was 9 o'clock A. M. ; and that for his non-appearance default was taken; and that said justice refused to open said cause for hearing without the consent of plaintiffs below, and their attorney refused to give such consent, &c.

To the writ of *audita querela* the defendants, Goss & Delano, demurred.

The County Court, September Term, 1853,—POLAND, J., presiding,—decided that the said writ and declaration were insufficient. To which decision the plaintiff excepted.

*L. L. Durant* and *P. Dillingham* for plaintiff.

Cited in argument. *Stone* v. *Seaver*, 5 Vt. 549. *Barrett* v. *Copeland*, 18 Vt. 67. *Mosseaux* v. *Brigham*, 19 Vt. 457. *Staniford* v. *Barry*, 1 Aik. 321, and cases there cited. *Porter* v. *Vaughn*, 24 Vt. 211. *Felker* v. *Emerson*, 17 Vt. 101. *Paddleford* v. *Bancroft et al.*, 22 Vt. 529. *Eddy* v. *Cockran*, 1 Aik. 362. *Brown* v. *Stacy*, 9 Vt. 118. *Phelps* v. *Birge*, 11 Vt. 161. *Crawford* v. *Cheney*, 12 Vt. 567.

*L. Henry* for defendants.

Cited in argument. *Stone* v. *Seaver*, 5 Vt. 549. *Lovejoy* v. *Webber*, 10 Mass, 101. *Staniford* v. *Barry*, 1 Aik. 321. *Marvin* v. *Wilkins*, 1 Aik. 107. *Hawks* v. *Baldwin & Co.*, Brayt. 85. *Barre* v. *Copeland*, 18 Vt. 67.

The opinion of the court was delivered by

ISHAM, J. The judgment of the county court in this case must be affirmed. It is admitted by the demurrer, that the process in favor of Goss & Delano *v.* Witherell, was returnable on the 19th of February, 1853, at 9 o'clock in the forenoon; that it was duly served by a deputy sheriff; and that from the officer's return on the precept, it appears, a true and attested copy of the writ, with the officer's return, was left with this complainant. Under this return of the officer, it was the duty of the justice on the re urn day of the writ, to render his judgment for the plaintiff by default, if

no appearance was made by the defendant, and the plaintiff was entitled to the judgment as a matter of legal right, under the statute. The return of the officer is conclusive evidence between the parties to that suit as well as on this proceeding, that this complainant was notified of the time, and place where the writ was returnable. If that return was incorrect or false, the remedy of the party is by an action against the sheriff for a false return. This question was directly decided in the case of *Hawks* v. *Baldwin & Co.*, Brayt. 85. In that case, as in this, the question arose on *audita querela* brought to set aside a judgment for the want of notice of the commencement and pendency of the suit. The complainant in that case insisted, that the return of the officer was false, that no service was made, and that he had no notice of the suit. But it was held, that the return of the officer showing that he had duly served the writ, was conclusive between the parties; that the complainant could not controvert the return, except in an action against the officer, for a false return. The case of *Staniford* v. *Barry*, 1 Aik. 321, was on *audita querela* brought to vacate a judgment and execution for matters existing previous to the rendition of the judgment. It was observed by PRENTISS, J., "that in no case, where the party had time and opportunity to take advantage of the matter and neglected to do it, can he be relieved by this writ; *and that he is deemed to have had this opportunity in all cases, where it appears from the return of the officer, that he had legal notice of the suit; and if in truth he was not warned, he has his remedy against the sheriff for a false return.*" This is the rule in England, 2 Saund. 148, (b.) The falsity of the return cannot be questioned by the parties, only in a suit by the party injured, against the officer. The true principle governing the case, we apprehend, is this; wherever there is a sufficient privity to enable a party to sustain an action against an officer for a false return, that return is conclusive in the proceedings under which it was made, and the party injured is driven to his action against the officer; but as to third persons, where no such privity exists, and no such action can be sustained, the return is not conclusive. *Barrett* v. *Copeland*, 18 Vt. 67. Lofft 372. *Ganbot* v. *De Crony*, 1 Cromp. & Mees. 772. Such an action against the officer is the proper remedy of the party injured, at common law. An appropriate remedy, however in cases of this character

is also provided by the Comp. Stat. 281 § 8, 9 ; under which, relief is granted by the county court on petition, where a judgment of a justice has been rendered by default, and in which, the party has been deprived of a hearing, by *fraud, accident or mistake*. In one of these' methods, the complainant should have sought his relief. We think this action cannot be sustained.