Peck, C.J.
The plaintiff below, in his petition, demanded damages for the wrongful taking and conversion of a horse, the property of the plaintiff,1’ and taken from his possession by defendants.
The defendants, Elwell as plaintiff in a suit before a justice of the peace against one J. B. Phillips,and Thomas J. Seely, as constable, serving process in that action, severally answer and justify the seizure and appropriation of the horse, unde* *241 an order of attachment issued by the justice, in that action, against the property of said J. B. Phillips, alleging that the horse was duly taken under that order, and was, at the time1 of its seizure, the property of J. B. Phillips, and that any pretended transfer of the horse by J. B. to Gr. W. Phillips, if any such was made, was subsequent to its seizure under said order, and was also fraudulent as against said J ohn J. Elwell.
Thp new matter stated in the answer in justification, and not by way of counterclaim or setoff, was pleaded prior to the amendment of 1857, authorizing replies in such cases, and was-therefore to be regarded as controverted by the plaintiff, and its truth or falsity involved in the issues submitted to the jury.
The cause was tried by a jury in Trumbull common pleas, and the bill of exceptions informs us, that the plaintiff, having-offered testimony tending to prove the issues on his part, rested; and that thereupon the defendants, among other things, gave in evidence the order of attachment in the case of JSlwell v. J. B. Phillips, and also offered the returns thereon, signed by Seely as constable. The first return exhibiting an interlineation, in a different handwriting and ink, of the words, “ in presence of two respectable freeholders, W. H. Howe and B. F. Flowersand the second return, which was more extended and somewhat variant in its details from the first, was also in a different ink and handwriting.
The plaintiff objected to the introduction of these returns, without some further proof; whereupon the defendants called the constable, Seely, to the stand, who testified, that he received the order at its date, executed the same, and made his-return to the justice, and that the return on the order was his return. Thereupon the plaintiff, by way of cross-examination, propounded to the witness, Seely, the following interrogatory: “ State which of said returns, if either, was made by you in the lifetime of said order, and prior to your return and delivery thereof to the justice ?” To this interrogatory the defendants objected, and the court sustained their objection, and would not permit it to be answered by the witness.
The plaintiff thereupon, still cross-examining said witness^ *242 propounded to him this further interrogatory: “ State whether you ever subscribed or made the return, as it now appears with said interlineation therein, upon said order of attachment?” The defendants objected to this question also, and the court sustaining the objection, would not permit the witness to answer it.
The plaintiff then offered to prove by the witness, Seely, that the horse was taken, secretly and in the night season, by the defendants, from the possession of the plaintiff, without .any declaration of its seizure under the order, and removed into another township, some eight miles distant, where, on the next day, the attachment was proclaimed and the property appraised. That the first return, without the interlineation, was -the only return made by the constable to the justice, and that •the interlineation in the first, and all of the second return, were made by attorneys of the defendants, at various times during the pendency of the present suit, long after the legal •custody and control of the order had passed from said constable, and the last, indeed, after his office had terminated, without any verification of the truth of the amendments, or leave granted to make the same.
"We are of the opinion that in these rulings of the court of common pleas, there is manifest error, and that the district court therefore erred, in affirming its judgment against the plaintiff below.
The court of common pleas seems to have made these rulings cn the ground, that the return of the constable upon the order of attachment, was conclusive as between the parties to the last suit, until vacated and set aside, and that the questions asked upon cross-examination, and the proof offered to be made, were incompetent, as only tending to contradict that return.
If the official return of the constable on the order of attach ■ ment was conclusive as between the parties to the last action, it would not,, in our opinion, authorize the ruling out of the ■questions asked upon cross-examination of the constable. In that event, the question would be, whether the returns exhibited were the official returns of the constable or not. He had testified that they were, and the interrogatories propounded *243 were pertinent, and had a direct bearing upon the fact in issue. The questions were clearly within the proper limits of a cross-examination, and, if answered either way, would have shed some light upon the official character of the returns, and the •credibility of the witness.
The answer to a question in chief, however positive, ought not, and certainly does not, preclude the adverse party, upon cross-examination, from requiring the witness to re-affirm or •deny his previous statement, and to give a detail of the cir•cumstances surrounding the fact to which he has testified, and tending to disprove its" existence.
This was the evident scope and object of the questions propounded ; and we think they should have been answered by the witness.
The offer to prove by the same witness certain specified ■facts in regard to the making of said returns, is a sufficient indication of what he expected to prove by said witness, to take the case out of the rule laid down in Hollister & Smith v. Resnor. 9 Ohio St. Rep. 1.
We do not however assent to the position, that -the return -of the constable .upon the order of attachment, if duly made, was conclusive of the facts therein stated, as against George W. Phillips, the plaintiff in the second suit. The most which •can be claimed for it, upon principle and authority, in our -opinion, is, that it is prima facie evidence of the facts therein .■stated; but like any other prima facie case, is subject to be contradicted or disproved by other testimony. And this prima facie effect given to the process, as against persons not parties to the process, or the proceeding in which it was issued, is rather anomalous in legal proceedings; and seems .to 'be “ allowed on the ground ” (as stated in 18 "Vermont, 69) “ of the general credit due to the return of such an officer in ■cases where it is his duty to make a return.” See 7 Serg. & R. 371, to the same effect.
Notwithstanding some decisions, the weight of authority -clearly is, that an official return, duly made upon process by a .sworn officer, in relation to facts which it is his duty to state ■in it, is, as between the parties and privies to the suit and *244 others whose rights are necessarily dependent upon it, conclusive as to the facts stated therein, until vacated or set aside by due course of law; and that as to all other persons, such return is prima facie evidence, only, of the facts stated in it, and subject to be disproved. Cow. & Hill’s Notes to Phil, on Ev. 1083-4-5-’91; Gwynne on Sh’ffs, 473, et seq., and cases cited; Hill v. Kling, 4 Ohio, 137; Angier v. Ash, 6 Foster (N. H.), 105 ; Diller v. Roberts, 13 Serg. & R. 60 ; Bott v. Burnell, 11 Mass. 165 ; Whittaker v. Sumner, 7 Pick. 555 ; Barrett v. Copeland, 18 Verm. 69 ; Wilson v. Ex’r. of Hurst, 1 Pet. C. C. 441; Bruce v. Holden, 21 Pick. 189-90 ; Loft, 372.
It is said in some- of the elementary treatises, that parties- and privies are concluded by such return ; but a careful consideration of the cases as well as the reason of the rule, will-confine it to those whose privity is such as entitle them to have the return set aside, to maintain an action against the-officer for a false return. And upon principle, certainly, none others should be concluded by it. In Witherill v. Goss & Delano, 26 Verm. 750, Isham, J., in considering this rule, remarks : “ The true principle governing the case, we apprehend, is this : wherever there is sufficient privity to enable a party to sustain an action against an officer for a false return, that return is conclusive in the proceedings under which it was. made, and the party injured is driven to his action against the officer; but as to third persons where no such privity exists,, and no such action can be sustained, the return is not conclusive.”
In the case at bar, the plaintiff was not a party to the suit m which the return was „ made; but held the possession and claimed the property in the horse at the time of its seizure,, under a prior transfer by the defendant in attachment.. These facts were in issue before the jury, and evidence had been introduced tending to prove them, when he was thus precluded by the rulings of the court from questioning the truth of the return offered in evidence, or of limiting its effect as evidence.
It is manifest that the plaintiff’s title to the horse was not involved in the suit in which the return was made — a judgment. *245 either way would not have affected him, and a sale under the attachment would not have divested him of his title. The whole proceedings in that suit were, as to him, res inter alios .acta. He had, therefore, no right to interpose in that suit and ask a vacation of the return, and for the same reason, could have maintained no action against the constable for such .false return.
These considerations, under the authorities referred to, seem conclusive of the right of the plaintiff to submit the testimony •offered, to the jury. That testimony tended to prove, that the official return of the constable consisted of only that part of the, first return, which is in these words : “ Received this attachment, December 27, and attached one horse and buggy and harness, between one and two o’clock, A. M., Thomas J. Seely, constable.”
If a return thus meager, is sufficient under the extraordinary remedy of attachment, to make a valid appropriation of the property attached, which we do not wish to be understood as admitting, still it is manifest, that the' ruling of the court, in excluding the testimony offered, was, or might be, prejudicial :to the plaintiff, and therefore good cause of reversal.
The constable had testified, substantially, that all the returns indorsed upon the order constituted his return to it, and the ruling of the court, even as qualified by us, made all those returns at least prima facie evidence of all the facts stated in them, and thereby required the plaintiff to meet and overcome a prima facie case, created in part by returns inofficial in their ■character. The ruling of the court enlarged the prima facie case the plaintiff was required to meet and disprove, and was therefore prejudicial to the plaintiff.
Judgments of the district court and court of common pleas reversed, and cause remanded to the common pleas for further proceedings.
Brinkerhoee, Scott, Ranney and Wilder, JJ., concurred.