·HENRY W. RICHARDSON *vs.* JOHN C. WOLCOTT & another.

On a *scire facias* to obtain a new execution, when the levy of the first execution has proved
ineffectual, no matters are properly open in defence which existed prior to the rendition
of the judgment.

If such levy was made upon the property of only one of two judgment debtors, he is bound
by a judgment, deciding the levy to be ineffectual, in a petition for partition to which the
other judgment debtor was not a party.

If a writ has been amended by striking out the name of one of the plaintiffs, on terms
which have been complied with, the defendant at the termination of the case is not enti-
tled to tax costs against the plaintiff whose name was thus stricken out.

SCIRE FACIAS to obtain a new execution against John C.
Wolcott and Norman Cotton, upon a judgment recovered
against them in March 1858 by the plaintiff and Ira Richard-
son, since deceased; the first execution having been levied by
setting off by metes and bounds certain land as the estate of
Wolcott, of which he owned an undivided share as tenant in
common.

This writ was originally brought in the superior court in the
names of the plaintiff and Esther L. Richardson jointly, as the
executors of the estate of Ira Richardson; the plaintiff also
claiming as surviving partner of the late firm of Ira Richardson
& Son. At February term 1864 the writ was amended, under
leave of court, by striking out the name of Esther as a plaintiff,
and making such other changes as were necessary to make it a
writ by the plaintiff alone, as surviving partner. This amend-
ment was allowed upon payment of a double term fee.

On a petition for partition to which Cotton was not a party,
the levy of the execution was adjudged to be invalid. The de-
fendants, at the trial in the superior court, before *Ames*, J., with-
out a jury, objected to the admission of the evidence, but their
objection was overruled. They also offered to show that the
judgment was improperly obtained against them, but the evi-
dence was excluded.

The judge found for the plaintiff, and the defendants alleged
exceptions. A question of costs subsequently arose, which is
stated in the opinion.

*J. C. Wolcott,* for the defendants.

*H. L. Dawes,* (*F. O. Sayles* with him,) for the plaintiff.

DEWEY, J.  1. Upon this application for a new execution upon a judgment recovered against the defendants, after a levy of the original execution upon real estate, which levy it is alleged has failed to pass any title to the judgment creditor by reason of informality in the mode of making the same, no matters are properly open as objections to such judgment which existed prior to obtaining the same. *Sigourney* v. *Stockwell,* 4 Met. 518. *Thatcher* v. *Gammon,* 12 Mass. 267.  Ample provision is made by law for granting a review of such judgment, where the same was obtained by fraud, accident or mistake, and a writ of error when a proper case therefor exists.  No such application having been made, and the defendants having hitherto acquiesced in the judgment and permitted a levy of the execution which issued upon the same, they cannot upon this *scire facias* impeach the judgment for any of the causes set forth in their answer.

2. The evidence offered by the plaintiff to show that the levy was invalid and that no title passed thereby was proper and sufficient, it being shown to have been a levy by metes and bounds upon Wolcott's interest in certain real estate held by him as one of several tenants in common.  The return of the officer making the levy perhaps sufficiently shows this, but the plaintiff produced further evidence to show that his levy had been, in a petition for partition, held by the judgment of court to be invalid.  The fact that Cotton, one of the judgment debtors, was not a party to that proceeding, the levy having been made on Wolcott's interest, does not render that evidence incompetent.  The superior court properly ruled in favor of the plaintiff

3. In the above case, an appeal was taken from the taxation of costs by the clerk of the court, made under the order of the court.  The case was this: The present plaintiff had improvidently joined as a plaintiff Esther L. Richardson, his co-executor of the will of his co-creditor in the original judgment.  At February term 1864 the plaintiff moved for leave to amend the writ of *scire facias* by striking out her name as plaintiff.  The amendment was granted by the court upon the terms that the plaintiff

pay a double term fee to the defendants, which was duly paid. At October term 1864, after the further hearing of the case as amended, and after judgment had been ordered for the plaintiff, the defendants moved for costs to be taxed against Esther L. Richardson, whose name had been stricken from the writ by leave of the court, at a previous term, and upon terms which had been complied with. This motion was allowed.

In our opinion such costs should not be taxed. This was an amendment authorized by the practice act, Gen. Sts. *c.* 129, § 41. Such amendments " when allowed are to be on such terms as are just and reasonable." The sum originally ordered by the court as the proper sum to be paid was all the costs to which the defendants were entitled. Upon making the amendment, the suit proceeded to trial, and the defendants failed to maintain their defence and are entitled to no costs.

The appeal from the taxation of these costs is sustained.

*Exceptions overruled — taxation of costs reversed.*