*Wm. Brayton,* for the plaintiff in error.

*Luther B. Hunt,* for the defendants in error.

———

JOHN FROTHINGHAM, SAMUEL MAY, ARTHUR TAPPAN and HENRY D. SEWALL *vs.* ELIAS HOWARD and ALDRICH PETERS.

A bond, taken by the sheriff to the plaintiff, in a writ of attachment, on the occasion of replevying the property attached on such writ, conditioned *that the plaintiff in the replevin, shall prosecute his replevin to effect, and in case of failure, shall pay all such damage and costs as shall be awarded against him,* is void, as a proceeding under the statute; and the officer is liable for the property.

Such bond, purporting to be a replevin bond, executed under the authority of the law, without the consent of the obligee, and not being a contract entered into by agreement of the parties, cannot be supported at common law, as a voluntary bond.

If animals are distrained *damage feasant,* and replevin is brought, it tries the right of distress. In such case, the above condition would be proper; and if the right were found for the distrainer, he would recover in that suit, as well his damages as his costs, and the bond stand as security for the same.

THIS was an action of debt, on bond, dated the 4th day of May, 1811, and executed by Howard, as principal, and Peters, as surety, to the plaintiffs, for the penal sum of one thousand dollars, *conditioned* as follows:

"The condition of the above obligation is such, that, whereas, the said Elias Howard did, on the second day of May, instant, pray out a writ of replevin against the said John Frothingham,

*Franklin,*
*January,*
*1826.*

*Frothingham*
*et al*
*vs.*
*Howard et al.*

Samuel May, Arthur Tappan, and Henry D. Sewall; now if the said Elias Howard shall prosecute his replevin to effect, at the county court next to be holden at North-Hero, within, &c. on the last Monday of September, and so from term to term, until it shall be ended, and in case of failure, shall pay all such damages and costs as shall be awarded against him, then this obligation to be void; otherwise, in full force and virtue."

The defendants, after praying *oyer* of the bond, and condition thereof, pleaded in bar, the following facts: that the said writ of replevin was made returnable to said Court, on the last Monday of September, 1811; that it was duly served, returned and entered on the docket of said Court, at the term last aforesaid, and, the present plaintiffs having first duly entered their appearance in said suit, such proceedings were therein legally had, that, at the same term, the present plaintiffs, upon a plea in abatement, by them pleaded in said suit, recovered a judgment against the said Howard, that the said writ of replevin abate, and that they recover their costs, taxed and allowed by said Court, at $8,17, and that no other damages or costs were awarded in said suit, *prout patet*, &c.    And that the said Howard afterwards fully paid and satisfied the said judgment, concluding with a verification, and prayer of judgment and for his costs.

The substance of the plaintiffs' replication, in avoidance of this plea, was, that on the 4th day of March, 1811, the said Tappan and Sewall prayed out a writ of attachment in their favour, against one *Asa Robinson*, and that, on the 13th day of said March, the said Frothingham and May prayed out a writ of attachment in *their* favour, against the same Robinson, both of which writs were made returnable to the next September term of Grand-Isle county court; that on the first day of May, 1811, they caused each of their said writs, respectively, to be levied on certain goods and chattels, the property of the said Robinson, (being the same which the said Howard caused to be replevied, on the occasion of giving the bond now in question) and caused their said writs to be duly returned and entered on the docket of said Court; that, at the February term of said county court, 1821, they recovered judgments against the said Robinson, in their respective suits, the one for $283,97 damages, and $36,14 costs of suit, and the other for $326,51 damages, and $38,14 costs of suit; that, at the same term, they prayed out executions on their respective judgments, and within thirty days from the rendition thereof, caused their said executions to be put into the hands of the sheriff of said county, with a schedule of the goods and chattels so attached, affixed to each, and with directions to levy on the same, then in the possession of said Howard; that the said sheriff, on the 22d day of March, 1821, and within thirty days from the rendition of said judgments, demanded the said goods and chattels of the said Howard, that he might levy on the same; but the said goods not being shown to him by said Howard, or found within his precinct, he thereafterwards returned the said executions within the life of the same, with his return of *non*

*Franklin,*
January,
1826.

Frothingham
*et al*
*vs.*
Howard *et al.*

*est inventus,* duly endorsed on each. And, that the said judgments yet remain in full force, neither of which have been in any wise paid or satisfied, reversed, annulled or set aside.

The replication then proceeds to set forth the proceedings in relation to the writ of replevin, and the giving of the bond, very nearly in the same manner, and in substance the same, as they are set forth in the defendants' plea in bar, and *avers,* that the defendants did not prosecute said writ of replevin to effect, nor pay to the plaintiffs their damages and costs, agreeably to the conditions of said writing obligatory; concluding with a verification, and prayer of judgment for their damages and costs.

To this replication, there was a general demurrer, and joinder in demurrer.

*Richardson,* for the defendants, in support of the demurrer. If the bond was originally obligatory, it has been satisfied. It was conditioned only for the payment of such damages and costs as should be awarded; which must have intended the damages and costs in the action of replevin, since it is absurd to construe it to mean, such damages and costs as may be recovered in this suit, on the bond itself, or some other suit not mentioned in the bond.

And the averment in the replication, that the bond was intended as an indemnity against all loss and damage, which should at any time accrue to the present plaintiffs, by reason of the goods being taken under the writ of replevin, does not aid the plaintiffs, for that averment being ill pleaded and contradictory to the express terms of the bond, is not admitted by the demurrer. And it does not appear that the plaintiffs have suffered, or can suffer, any damage by the replevin; for if it was a void proceeding, it could never constitute a defence for the officer, who originally attached these goods, and he still remains liable for them to the plaintiffs, unless they have discharged him by neglect or otherwise. Nor can the acceptance of this bond by the plaintiffs, be considered an implied discharge of the officer; especially, as it does not purport to be any security for the plaintiffs' debt against Robinson, or for the property attached; but simply for the costs in the replevin suit, and such trifling or nominal damages as should be awarded in the same suit, for the delay. The operation of this bond cannot be extended, by any analogy to the recognizance taken at the granting of a writ of error, or *audita querela,* since the condition is widely different in those cases; and also, because in those cases there is an apparent connection between the writ of error or *audita querela,* and the former judgment; whereas, there is nothing in this replevin bond or writ, to show, nor is it even now alleged by the plaintiffs, that this replevin was intended for the purpose of defeating an attachment, or that the plaintiffs, or bail in replevin, ever knew that the goods had been attached. But this bond closely resembles the security required to be taken to the defendant, in ordinary cases of writs of attachment, or summons. (*See sec.* 44 & 45 *judiciary act, Statute* 70, 71.) The word there used, is "dam-

*Franklin,*
January,
1826.

Frothingham
*et al*
*vs.*
Howard *et al.*

ages," but we know it means nothing but the costs, or, at most, but the costs and such damages as are actually awarded with the costs, in the same suit.

And even where the suit is itself a cause of action, in favour of the other party, (as for instance, a vexatious suit, and, by parity of reason, a void action of replevin,) it was never before contended, that bail or security, in whatever form created, (whether by recognizance or deed) extended beyond the actual recovery in the suit itself.

For the purposes of this suit, the action of replevin must be considered by the plaintiffs here, as legal, at least to some purposes. The bond is conditioned for the prosecution of the replevin suit, and the plaintiffs must now admit, that the prosecution of that suit was legal, or else this bond, being conditioned to do an illegal act, is void of course. Meeting the plaintiffs then, upon their own ground, and considering the replevin as in some respects a legal proceeding, it must of necessity be either a replevin to replevy goods attached, (*Stat.* 71–2) a replevin to replevy goods impounded, (*Stat.* 451, 2) or a replevin at common law. That it is not the first, is evident at first sight. If it is the second, as indeed it seems to be, there is no pretence for sustaining this action. For, in that case, the beasts, or goods impounded, are never to be restored to the party impounding ; but the replevin bond is substituted in their place, and the defendant in replevin, if he prevail, must recover his demages in the replevin suit, (and in no other suit) for which, and his costs, the replevin bond is a security. So that the amount of damages (if any) and costs awarded to the defendant, in the action of replevin, is the exact extent of the liability incurred by the obligors in the replevin bond.

This is at least, a correct general view of this kind of statute replevin, and is not liable to any variation, unless the defendant, by his plea, draws in question the right of property, or something else, which is aside from the main object of the statute.

It only remains, then, to consider this replevin, as at common law. And here, there is as little ground for the plaintiffs to succeed. The bond to prosecute, or to pay the damages and costs awarded, was never construed to be a security for the property, or the value of it; but only to extend to the damages and costs awarded to the defendant, in the replevin suit itself; for which reason, an additional security, or bond *de retorno habendo* was required by statute.

Now it would be a singular attempt, because the other security was omitted, to make the former answer as a substitute ; and yet, such is the design of the present suit. But a further reason appears, why the plaintiff cannot possibly recover in this case. To entitle a defendant in replevin to a return of the property, or to damages in lieu of the property, it is necessary that he should, in the action of replevin, show himself entitled to a return. This may be done by pleading his right, or by suggesting it upon the record, after judgment. It does not appear, nor

can it be pretended, that the present plaintiffs ever pleaded, or suggested in the replevin suit, any interest whatever in the goods replevied, or any right, by attachment or otherwise, to have them restored.

So that the bill of cost, which they there recovered, appears to have been a complete legal satisfaction of their rights, and of the replevin bond.

*Swift*, for the plaintiffs, contended, that the bond, on which this action is brought, is a valid bond, by the common law, and that, whether the replevin was a valid or void proceeding, the condition being lawful, the bond is obligatory. (*Flagg* vs. *Taylor*, 3 *Mass. Rep.* 303—*Morse* vs. *Hodsdon* et al. 5 *Mass. Rep.* 318 —*Burrows* vs. *Lowder* et al. 8 *Mass. Rep.* 380—*Respublica* vs. *Lacaze* et al. 2 *Dal. Rep.* 118.

That there are two distinct, independent conditions to the bond, viz. "to prosecute to effect," and "to pay all costs and damages to be awarded." And by neglect to prosecute, the bond has become forfeited, and the plaintiffs are entitled to recover. The words "*such damages as shall be awarded*," must be intended to mean, all such reasonable damages as the plaintiffs sustained by the replevin.—3 *Sel. N. P.* 1012.

That should there, however, be any ambiguity in the condition of the bond, the Court will construe it most strongly against the obligors. And, as the bond creates a present debt, and was executed in lieu of, and in consideration of the goods attached at the suits of the plaintiffs, it cannot be avoided by any uncertain, insensible, or improper condition. 2 *Bl. Com.* 344—1 *Saund. Rep.* 65, *Butler* vs. *Wiggie.*

That the bond, in this case, was imposed on the plaintiffs, as their security for their debts, in lieu of the goods attached. And the court will so construe it, (if possible) as to prevent fraud, and to give it the effect intended by the authority issuing the writ of replevin; and the Court may so construe it as to carry into effect the object, contrary to the literal meaning of the instrument; and so was decided in this Court, in the case of *Lawrence.* See also, 1 *Caine's Rep.* 450—1 *Doug. Rep.* 382—5 *T. Rep.* 195 —3 *Sel. N. P.* 1011 *to* 1115—1 *Saund.* 65—5 & 3 *Mass. Rep.* before cited.

And, that it is no objection to this action, that the plaintiffs might have a remedy against the sheriff. It is not for the defendants, who have received the benefit of the replevin, to say that our remedy is against another. 5 *Mass. Rep.* 318.

*Turner*, in reply, contended, that where the law *requires* a bond to be taken, it must be taken agreeably to the requisites of the statute, and in the manner prescribed, or it will be void.

He said, the plaintiffs did not deny but what the defendants had *literally* complied with the terms of the bond; but they seemed now to insist, that they ought to go further, and do what would be *right and clever.* But, for this purpose, it was incumbent on the plaintiffs, to have alleged and to prove, that the prop-

Franklin, January, 1826.

Frothingham et al vs. Howard et al

Franklin,
January,
1826.

Frothingham
et al
vs.
Howard et al.

erty does not belong to the defendants.  But nothing of this kind appears in the pleadings; and every thing must be taken most strongly against the pleader.  No case has been shown, he said, and none can be found, where a party has been permitted to go out of the bond, upon which he attempts a recovery.

The opinion of the Court was delivered by

SKINNER, Ch. J.    There are two kinds of replevin recognized by our statute : one, where property is taken *damage fi asant*, and impounded ; the other, where property is attached on *mesne process* ; and the form of proceeding, as also the condition of the bond to be given in each case, is particularly pointed out.   This action is in the common form of an action of debt, upon the penal part of a bond, executed by the defendants to the plaintiffs. *Oyer* having been demanded, the bond is spread upon the record, with such condition, in substance, as is required by the statute to be given, in case property taken *damage feasant*, is replevied, viz. that the plaintiff in replevin prosecute his said suit to effect, and in case of failure, pay all such damages and costs as should be awarded against him.   Replevin, where property is taken *damage feasant*, is brought to try the right of distress, and, if found for the distrainer, he recovers judgment, as well for his damages as his costs, and the bond stands as security therefor. In this case, the defendant alleges in his plea, that he did prosecute, according to the condition of the bond; that judgment was rendered against him, on a plea in abatement, and for costs which he has satisfied.   We are not informed by the pleadings what the declaration or complaint was in that suit; all that this record shows, is, that it was replevin under the statute.   From the bond and condition, as given on *oyer*, and the plea of the defendant, it appears to be replevin in a case of distress of property, taken *damage feusant*.   The plaintiffs, in their replication, aver, that the property was attached by them, and replevied ; and that the bond here prosecuted, was given on that occasion. It is unnecessary, therefore, to consider the question, whether replevin will lie as an adversary suit, to try the right of property, or, whether it will lie in any case, except the two which are provided for, and regulated by statute.

It is not denied by the plaintiff, that, if this was a case of property taken *damage feasant*, and replevied, the plea in bar would be sufficient; and we are clearly of opinion, if it is a case of property attached, the proceeding is wholly void; and this seems to be conceded by the plaintiff.   But it is insisted, that although the replevin was void, and the officer liable, as he clearly is, yet, the bond is good at common law, against the defendants.   If a creditor, having attached the property of his debtor, should consent to have it go back into his hands, in consideration of a bond, conditioned to pay the amount of such judgment as should be rendered in the suit, or to deliver up the property, to be taken on the execution, such bond would, undoubtedly, be valid ; but this will bear no analogy to such case.

The condition of the bond shows, that it was not a contract entered into by the agreement of the parties, nor given by the consent of the plaintiffs. It has no reference to any suit which the plaintiffs were prosecuting against the defendants, and of course, to no damages that might be awarded in such suit. It purports to be a replevin bond, executed by the defendants, under the authority of the law, and without the consent or agreement of the plaintiffs, and by force of which, the property of one of the defendants, then in the custody of the law, was restored to him. The condition is, to prosecute a suit *against* the plaintiffs, &c. and is in the form pointed out by the statute. It would be a strange perversion of the legal import of the condition, to say the *damages awarded* could apply to any other damages, than such as should be awarded in the suit in which the bond was given----none other can be intended. To depart from the plain meaning of the instrument, and by testimony *aliunde*, give to it an effect beyond what was intended by the law under which it was made, would be to violate one of the clearest principles known to the law.

Judgment, that the replication is insufficient.

*Asa Aldis, Jas. Davis, Benj. Swift* and *John Smith*, for the plaintiffs.

*Israel P. Richardson, Bates Turner* and *B. F. Bayley*, for the defendants.