CHARLES GREEN v. LEONARD P. HOLDEN.

*Replevin by a debtor of goods attached.*

Replevin by a debtor of his goods when attached by a creditor, is not an adversary writ, and the writ is not to be entered in court upon the docket as in ordinary cases. It is only an appendage to the original action, and all proceedings in reference to it must be had as a part of the original action.

REPLEVIN for a quantity of leather which had been attached as the property of the plaintiff on a writ in a suit against him in favor of the defendant, Holden, returnable to the March Term, 1860, of the Washington County Court. The writ of replevin was returnable to, and was entered in, the same court at the September Term, 1860, and the action was continued from term to term until the March Term, 1862, when the defendant, Holden, filed a motion to dismiss this action of replevin for the reason that the plaintiff, Green, had not executed to the defendant, Holden, a bond agreeably to the provisions of the statute in such case. The defendant also moved for a return of the property replevied to him.

On hearing the motion it appeared that the original writ in favor of the defendant, Holden, against the plaintiff, Green, upon which the property in question was attached, directed the goods, chattels or estate of the plaintiff, Green, to be attached to the value of two thousand dollars, and that this direction was correctly stated in the writ of replevin. But it appeared from the officer's return of service on the writ of replevin and the bond therein referred to, which was annexed to the said return of service, that the penal sum of the bond which was taken to the defendant, Holden, from the plaintiff, Green, by the officer who served the writ of replevin, before the making of such service, was only fifteen hundred dollars.

The county court, KELLOGG, J., presiding, *pro forma*, rendered a judgment dismissing the action on such motion, and also ordered the property replevied to be forthwith returned to the defendant.

To this judgment and order the plaintiff, Green, excepted.

*Dillingham & Durant*, for the plaintiff.

*Redfield & Gleason*, for the defendant.

Green *v.* Holden.

POLAND, CH. J. We have found no occasion to determine the questions that have been made and discussed by counsel; for in our judgment the case has been brought here under an entire misapprehension of the true character of this species of replevin. There is in fact no such case or suit between these parties, as can furnish a legal foundation for a judgment for, or against, either. Replevin by the debtor of his goods when attached by a creditor, is in no sense an adversary suit; the party at whose instance the replevin is made, claims no right against the creditor who made the attachment, and complains of no wrong done by him. This is made perfectly apparent by the form of the writ given by the statute in such cases. There is no plaintiff and no defendant. The creditor is not called upon to answer to any claim or complaint of the debtor, nor is the validity or propriety of the attachment disputed, or the interference or judgment of the court asked for in any way. Replevin of this character is wholly a creation of the statute, but that does not contemplate or provide for any judgment, as in the other classes of replevin which are adversary suits.

It is clear, too, from the language of the statute, that a writ of replevin of goods attached, brought by the debtor, is not to be entered in court upon the docket like ordinary cases, but the writ and bond taken are to be returned to the clerk of the court where the original suit is returnable, and he is to *keep the same on file.* The condition of the bond is not, to prosecute the suit to judgment and return the property if the court shall render judgment for a return, as in the other cases of replevin, but to return the property to be taken in execution, or pay the creditor's judgment.

This writ of replevin is only a mode provided by the statute, by which the debtor can compel a restoration of his property which has been attached, by his giving security to the creditors; a compulsory mode of receipting property attached.

We regard such a writ of replevin, not as an independent original action or suit, but as a part of, or appendage to, the original action; and that if any application is made to the court growing out of such replevin, and the court take any action thereon, such application must be made, and such action had, as

a part of the proceedings in the original action, and if this court have any power to raise such action of the court, it can only be done by bringing up the original action itself.

It is quite obvious, that unless the court had power in such cases to interfere by some order, where bonds are defective, or insufficient, or become so in the course of the proceedings, very great injustice might ensue ; but we have no occasion now to decide as to the existence or extent of their authority in such cases.

The attention of the court below seems not to have been asked, or given, to the nature of this proceeding, as the judgment was merely *pro forma*, but as no judgment could legally be rendered, either to dismiss the action, or for a return of the property, that judgment is reversed ; and as there is no case to remand, and nothing to be tried if remanded, the exceptions are dismissed.