JOHN D. DRISCOLL v. JAMES P. PLACE.

*Replevin. Trover. Process. Officer. Jurisdiction. Bond.*

It is a well established rule of law that an officer has immunity for acts done in the execution of legal process. But where the court has no jurisdiction over the subject matter, the process gives no protection to the officer executing it.

Trover will lie against an officer for taking chattels under a writ of replevin, issued for the re-replevy of goods attached, when there has been no attachment in fact, and the person from whom the officer takes them, holds them not under *process*, but as *owner*.

The bond required in replevin of "goods attached," providing that it is to become obligatory when the plaintiff's attachment shall be adjudicated, is a mere nullity in a case where there has been no attachment.

The statute provision for the replevy of "goods attached" is not a suit *inter partes*.

TROVER for a mare. Plea, general issue. Trial by jury, Sept. term, 1871, ROYCE, J., presiding.

The plaintiff gave in evidence a written agreement, setting forth that Peter McEnany, of St. Albans, bought one-half of one bay mare of John Driscoll, of Fairfield, for the sum of one hundred and twenty-five dollars, to be paid on or before the first day of January, 1866, with interest; said mare to remain the property of Driscoll till paid for, McEnany to have the use of the mare and take proper care of her and keep her at his own risk. Whenever Driscoll should think said mare was not properly used, he could take possession of her in a peaceable and proper way, without resistance, and McEnany agreed not to sell or transfer or dispose of his interest in said mare without the full consent of Driscoll. Conclusion of partnership or ownership in said mare to expire two years from date. Dated at Fairfield, the 25th day of May, 1865. (Signed) Peter McEnany.

It appeared that the said McEnany at the time of the execution and delivery to the plaintiff of said agreement, took possession of the mare in question under said agreement, and retained the exclusive possession of her until she was taken out of his possession upon a writ of attachment brought by a creditor of McEnany a few days previous to the issuing of and service of the writ of replevin hereinafter referred to, and that after she was so attached,

and on the same day, the plaintiff applied to the officer who made said attachment, and stated to him his claim to said mare, and demanded her of said officer; and he on the same day, or very soon after, delivered the mare to the plaintiff.

The plaintiff's testimony tended to show that McEnany had never paid any portion of the $125, as mentioned in said agreement. The plaintiff also introduced a writ of replevin in favor of McEnany against the plaintiff, and the plaintiff's testimony tended to show that just before the commencement of this suit he demanded said mare of the defendant, and he refused to deliver her to him, and that said writ of replevin was irregular and void, and that the proceedings under the same were for the purpose of getting said mare out of the possession of the plaintiff, and into the possession of the defendant, so that she could be attached as McEnany's property, and that she was so attached immediately thereafter, and that no further proceedings were had under said writ of replevin, and it appeared that the mare had never been attached by the plaintiff as stated in said writ of replevin.

The plaintiff introduced evidence to prove the value of the mare at the time of the alleged conversion, and then rested.

When the defendant requested the court to order a verdict for the defendant, the court refused to make such order, and the defendant excepted.

The taking of the mare in question and the defendant's refusal as above stated, was the conversion complained of, and the mare was in the possession of the defendant at the time this suit was commenced.

The defendant's testimony tended to show that McEnany sued out said writ of replevin, and placed it in the hands of the defendant, and accompanied him to the residence of the plaintiff, and that in pursuance of the command in said writ the defendant took possession of said mare, and continued to hold her under said writ until after the service of the writ in this suit; that the $125 mentioned in the agreement of May 22, 1865, was paid to the plaintiff within the two years mentioned in said agreement, and that McEnany sold the mare on the 9th day of July, 1869, for $1,075.

The defendant requested the court to charge the jury that the

action of trover cannot be maintained in favor of one joint owner against an officer for attaching the joint property in a suit against the other joint owner. That if the defendant, at the time of the commencement of this suit, held the mare upon the replevin writ, then this action cannot be maintained. That any discontinuance of the replevin suit subsequent to the commencement of this suit, cannot, in any respect affect the plaintiff's right to maintain the latter.

The court refused so to charge, but did (among other things not excepted to) charge that the writ of replevin under which the defendant took and held the mare in question, was void and furnished no justification to the defendant; that he stood in the same position in reference to this property as though he had had no precept at all in his hands. To the charge and to the refusal to charge as requested, the defendant excepted.

Said writ of replevin and return thereon as follows:

" STATE OF VERMONT, ⎞ To any sheriff or constable in the
    FRANKLIN COUNTY, ss.    ⎠     State.    Greeting :

Whereas, John Driscoll of Fairfield, in said county, has caused the goods and chattels of Peter McEnany of St. Albans, in said county, to wit: one bay mare seven years old, to be attached by a writ of attachment made returnable to the county court next to be holden at St. Albans, within and for the county of Franklin, on the second Tuesday of April, A. D. 1869, and by the precept of said writ, the officer serving the same was commanded to attach to the value of one thousand dollars; and whereas, the said Peter McEnany has prayed for a writ of replevin to replevy said goods and chattels, to wit: said mare, according to the statute in such case made and provided. Now if the said Peter McEnany shall execute a bond to the said John Driscoll in the penal sum of two thousand dollars with sufficient surety or sureties, conditioned according to the form prescribed by law, then you cause the said goods and chattels so attached as aforesaid, to be replevied and delivered to the said Peter McEnany without delay, and make return of this writ together with the bond as aforesaid, to the same court to be held at St. Albans, within and for said county of Franklin, on the second Tuesday of April, A. D. 1869, next, according to law. Fail not," &c.

Driscoll *v.* Place.

Officers return :

" STATE OF VERMONT, ]    At Fairfield, on the 22d day of
FRANKLIN COUNTY, *ss.*    [ February, 1869, by virtue of this
writ to me directed, I replevied the following described property,
to wit : one bay mare seven years old, being all the property in this
writ of replevin mentioned, and the plaintiff having executed a
bond to the defendant with sufficient surety and delivered the mare
to me in the penal sum of two thousand dollars as in this writ di-
rected, and conditioned as the law directs.    I delivered the said
property to the plaintiff, and on the 4th day of March, 1869, I de-
livered to the within named defendant a true and attested copy of
this writ with this my returns thereon endorsed, and I now on the
5th day of March, 1869, return this writ together with the bond
aforesaid to the clerk of the county court for said county of Frank-
lin.    Attest, J. P. Place, Sheriff."

*Davis & Adams,* and *Noble & Smith,* for the defendant.

The defendant was clearly entitled to a verdict when the plain-
tiff rested his case.

The writ of replevin, and all the proceedings of the defendant
thereunder, were regular and valid.    *Pierson* v. *Gale et al.,* 8
Vt., 513.    " An officer is never bound to look beyond the face
of the precept or process under which he acts."    *Bell* v. *Broad-
bust,* 3 Term, 185 ; *Gage* v. *Barnes,* 11 Vt., 196.    If the mare
was attached in the suit of McEnany's creditors, against him, the
possession of the officer thereunder would be valid.    *Reed &
Root* v. *Shepardson,* 2 Vt., 120.

The defendant had an undeniable right to the " charge " asked
for in his first request.    The plaintiff claimed the mare had been
attached after the replevin : then she was either the sole property
of McEnany, or the joint property of the plaintiff and McEnany.
In either situation, she was subject to attachment at the suit of
McEnany's creditors.    *Whitney* v. *Ladd,* 10 Vt., 167 ; 3 Term,
180 ; *Green* v. *Holden,* 35 Vt., 315.

*H. S. Royce,* for the plaintiff, maintained that one *tenant in com-
mon* cannot maintain replevin against the other.    Hilliard on
Rem. for Torts., 42, § 1, 43, §§ 3, 4 ; *Barnes* v. *Bartlett,* 15
Pick., 75 ; *Taylor* v. *True,* 27 L. N., 220.    Therefore, if the

facts had been as the plaintiff in the replevin claimed, it was an *abuse of process*.

As the plaintiff never attached the mare, the court would have had no jurisdiction of such a case; and the bond would probably be void. Having by fraud, falsehood, and an abuse of process, obtained possession of the mare, the replevin suit was at once abandoned. But the officer was bound by the description in his writ. He could only take property which belonged to McEnany, and which was under attachment. And as the property did not answer either description, the taking was a trespass. Hilliard on Rem. for Torts., 30, §§ 3, 4; *Dearborn* v. *Kelly*, 3 Allen, 426; *Bassing* v. *Rice*, 2 Cush., 48, 49.

The replevin writ was void—1. Because it contained no complaint or declaration. 2. Because it did not provide for any service upon or notice to the defendant. 3. Because it was not returnable to any court, and did not provide for any time or place of trial. Gen. Stats., 290, § 9.

The opinion of the court was delivered by

REDFIELD, J. This action is trover, for the alleged conversion of a bay mare. The defendant, as sheriff, took the mare from the plaintiff's possession upon a writ of replevin in favor of Peter McEnany against this plaintiff. Afterwards, the plaintiff demanded the mare of the defendant, and was refused; and this is the conversion alleged.

The court charged the jury that "the writ of replevin, under which the defendant took and held the mare in question, was void, and furnished no justification to the defendant. That he stood in the same position in reference to this property as though he had no precept in his hands." And to this charge, and the refusal of the court to direct a verdict for the defendant, the defendant excepted.

The process, under which defendant justifies, alleges that the "plaintiff had caused the mare, the property of said McEnany, to be *attached*, on a writ in favor of the plaintiff against McEnany, returnable, &c." And the officer is directed "to cause such

goods and chattels so *attached* to be replevied and delivered to the said Peter McEnany."

The defendant in his return certifies that he gave the plaintiff a copy of said replevin writ, with his return thereon endorsed. But this statute provision for the replevy of " goods attached," is not a suit *inter partes*. There is neither plaintiff nor defendant. The persons interested could not be impleaded, nor could any issue be joined. The statute does not require service of the writ to be made on any *party*, but the officer is directed " to make return of this writ, together with the bond, as aforesaid, to the *same court*," *i. e.*, " to the clerk of the court to which the original attachment was made returnable ; and such clerk shall receive and keep the same on file." Gen. Stats., 319, §§ 8 and 10. It is a proceeding merely for the compulsory receipt of property attached. *Green* v. *Holden*, 35 Vt., 315.

This is a proceeding unknown to the common law, and authorized by statute in the specific case " when the goods or chattels of any defendant are *attached on mesne process*, returnable to any county court."

The bond required, in case of replevin of goods attached, recites that such goods have been attached, on a writ returnable to the county court, next to be held, &c.; with the condition that if the party making the replevin " shall return the said goods and chattels, so that they may be taken on an execution, which may be issued on a judgment, to be recovered on the aforesaid attachment, or shall otherwise discharge said judgment, within sixty days from the rendition of the same : then this obligation to be void, otherwise of force."

In this case the goods had not been attached by the plaintiff. He had the possession, not under *process*, but as *owner*. The defendant took the mare from his possession, filed a bond with the clerk of the county court, to be obligatory when the plaintiff's attachment should be adjudicated. The plaintiff having made no attachment, of course it could never be adjudicated. The conditions of the bond could never be broken, and, as we think, it is a mere nullity. *Frothingham* v. *Howard*, 1 Aik., 139. The de-

fendant delivered the mare to McEnany, who sold it, and, for aught the case discloses, the beast and its rider have gone beyond the reach of the plaintiff. The defendant claims immunity, on the ground that his writ was regular, and he was not bound to look beyond the face of the process.

We have no disposition to question or modify the well established rule of law, that an officer has immunity for acts done in the execution of legal process. The safety of the officers, and the good order and peace of society require it. But when the court have no jurisdiction over the subject matter, the process gives no protection to the officer executing it. 2 J. L. C., 1027. And " every one who acts by virtue or under color of the law, shall be compelled to determine at his peril whether the law has conferred the authority which he assumes to exercise." *Dynes* v. *Hoover*, 20 Howard, 65–80 ; *Wise* v. *Withers*, 3 Cranch, 331 ; *Brown* v. *Compton*, 8 T. R., 424, 432. In the last case, GROSE, J., says : " I take it to be extremely clear that if a court not having jurisdiction order an officer to do an act, and the officer obey the order or decree, he is not justified." It has been held in some cases that an officer would not be liable in tort, if he take the goods of A., on a writ of replevin against B., for the reason that " the command of the writ is express, and points to specific chattels." *Foster* v. *Pettibone*, 20 Barb., 350. But this doctrine was questioned in *Sampson* v. *Reynolds*, 14 Barb., 506. And in *Allen* v. *Carey*, 10 Wend., 349, it was fully conceded that trespass would lie against an officer in such a case. Also in *Skilton* v. *Winslow*, 4 Grey, 441, 2 Greenl. Ev., 496–7, and cases there cited. It would be against all analogies of the law that if an officer, in executing process, should do wrong to the person or property of a stranger, that the law gave no remedy or redress for such wrong. And as this beast had never been attached, the law conferred no authority and gave no jurisdiction to any officer or person to wrest the possession from the owner in exchange for a bond that was void, and if valid, utterly unavailing to the plaintiff. If a party holds property merely to respond an attachment, he is bound by law to surrender it to the owner upon a bond or

receipt, whose sufficiency has been officially established ; but the law does not require him to surrender *his own property* in exchange for a worthless bond.

This is not a case of *irregularity* in the execution of a process, but where there was no jurisdiction of the *subject matter*.   The mare was subject to no *attachment* that could be *released*.   There was no suit pending in the county court in which this precept and bond could be " filed " by the clerk.   The mare, not having been *attached*, could not be replevied as a chattel attached.   There was no subject matter or thing on which the writ could operate. The defendant might as properly claim immunity for seizing a defendant's *last cow* on a writ of attachment, on the ground that the writ *commanded him to attach*, as to claim protection under this writ for seizing this mare.   In the one case the property is not *attachable*, in the other it is not *repleviable*, and both acts would be *tortious*.

We find no error, and the judgment of the county court is affirmed.

