Barrett *v.* Copeland.

━━●◉●━━

JAZANIAH BARRETT *v.* LUCIUS COPELAND.

In an action against a sheriff a return made upon process by him is admissible evidence in his favor, but not *conclusive;* it may be contradicted by the plaintiff, even though he were a party to the process on which the return was made.

But the rule is well settled, that, in a case involving the truth or falsehood of the return, as between the parties to the original suit, or if the return is relied upon as evidence *against* the officer who made it, the return must be holden as conclusive.   ROYCE, J.

TRESPASS for assault and battery and false imprisonment.   The plaintiff alleged in his declaration, in substance, that the defendant seized him in Bennington, in the county of Bennington, on the 25th day of March, 1842, and forced him into a wagon, and conveyed him, against his will, to Middletown, in the county of Rutland, and there released him ; and special damage was set forth.   The defendant pleaded the general issue, and also a plea in justification, in which he averred, in substance, that he was constable of the town of Middletown, in the county of Rutland, and that, on the 28th day of February, 1842, he held, as constable, an execution in due form of law, and issued by lawful authority and on legal proceedings, against the plaintiff, and that, by virtue thereof, he arrested the plaintiff on that day, at Middletown, and that the plaintiff escaped

from him without his consent, and that he pursued the plaintiff, and recaptured him at Bennington, and conveyed him to Middletown, for the purpose of proceeding to execute his precept by committing the plaintiff to the jail in Rutland, in the county of Rutland. And the defendant averred, that this was the same matter complained of in the declaration. To this plea the plaintiff replied *de injuria &c.*

On trial in the county court,—Bennett, J., presiding,—the plaintiff gave evidence to the jury tending to prove the allegations in his declaration. The defendant, among other things, gave in evidence the execution mentioned in his plea in justification, and his return on said execution, as constable, showing an arrest of the plaintiff at Middletown, as averred in the plea. The plaintiff, to impeach the return of the defendant, offered to show, by parol evidence, that the plaintiff was gone from home, and was not in a place where he could have been arrested, on the execution referred to, at the time when the return purported to show that the defendant had first arrested the plaintiff by virtue of the execution. To this testimony the defendant objected, and it was excluded by the court; to which the plaintiff excepted. A verdict was thereupon taken for the defendant, by consent.

*Thrall & Pond* for plaintiff.

1. The return of an officer is conclusive against him, and *prima facie* good for him, in relation to all those rights and liabilities, which result from that official act. *Stanton* v. *Hodges*, 6 Vt. 66. But in this case the arrest of the plaintiff upon the execution on the 28th day of February, 1842, as shown by the return, if true, is a fact which comes only incidentally in question, and the case, in that respect, is analogous to that of *State* v. *Daggett,* 2 Aik. 148, and that of *Adey* v. *Bridges*, 3 E. C. L. 307, in both of which the return of the officer was held not to be conclusive.

2. To allow the impeachment of the officer's return, in this case, does not impugn the rule, which makes such a return conclusive in some cases,—as where the impeachment would tend collaterally to impeach a judgment, or to render unstable and unsafe record title to real property, between the parties to the judgment, &c. *Putnam* v. *Man,* 3 Wend. 202.

Barrett *v.* Copeland.

*O. Clark* and *E. N. Briggs*, for defendant, cited *Putnam* v. *Man*, 3 Wend. 202, 10 Johns. 138, 14 Johns. 481, 6 N. H. Rep. 393, 3 Maine 487, 3 Phil. Ev. 1090, 1093.

The opinion of the court was delivered by

ROYCE, J.   We consider the rule well settled, that were this a case involving the truth or falsehood of the return, as between the parties to the original suit, or if the return was relied upon as evidence *against* this defendant, it should be holden as conclusive. Washburn's Digest 354, and cases there cited.   Lofft 371.   *Goubot* v. *De Crouy*, 2 Dowl. P. C. 86.   The same doctrine is established by numerous decisions in Massachusetts, and prevails, as I apprehend, in most of the states except Connecticut.   It is there held, that the return, except as against the officer himself, is never more than *prima facie* evidence.

But the question now presented is, whether the official return of a public officer is conclusive evidence *in favor* of such officer, in the prosecution or defence of a collateral action.   We find it laid down as undoubted law, that such a return is *admissible* evidence in the officer's favor, as also to affect the rights of third persons. *Gyfford* v. *Woodgate*, 11 East 296, Phil. Ev., 1st Am. Ed., 293–4, *Hathaway* v. *Goodrich*, 5 Vt. 65, *Stanton* v. *Hodges*, 6 Vt. 66. But these authorities uniformly assert, that when offered for such a purpose it is but *prima facie* evidence.   Its admissibility is put upon the ground of the general credit due to the return of such an officer, in cases where it is his duty to make a return.   But upon principle it should be subject to contradiction by third persons, because they are neither parties nor privies to the transaction, and because they would not, according to any precedent with which I am acquainted, be entitled to a remedy against the officer for a false return.   It should also be open to contradiction collaterally as against the officer, even by a party to the process.   To hold otherwise, and put the party to his remedy for a false return, would produce a circuity of action neither warranted by analogy, nor required to meet the justice of the case.   We are therefore of opinion, notwithstanding the decision to the contrary in 6 N. H. Rep. 393, that the plaintiff was entitled to go into evidence to disprove the alleged arrest at Middletown.   And for the rejection of the evidence offered for that purpose, the judgment of the county court must be reversed.

Judgment reversed.