#### FOR THE

### COUNTY OF BENNINGTON.

#### FEBRUARY TERM, 1849.

PRESENT.

Hon. MILO L. BENNETT,
Hon. DANIEL KELLOGG,    } ASSISTANT JUDGES.
Hon. HILAND HALL,
Hon. LUKE P. POLAND,

---

### LEONARD SARGEANT *v.* TOWN OF SUNDERLAND.

When an application is made to the probate court for the appointment of a guardian over a spendthrift, it is no objection to the right of the judge of probate to recover his fees for issuing a commission for an inquisition, that the application was insufficient to authorize any action by the probate court.

A judge of probate may recover, in an action on book account, the fees allowed him by statute for his judicial services.

The plaintiff, in an action on book account, may testify to the fact of a payment upon the account by the defendant; and, if the fact of the payment be found upon his testimony, he may have the benefit of it, to avoid the effect of the statute of limitations.

If the treasurer of a town make a payment upon a debt due from the town, it will be presumed, in the absence of all proof to the contrary, that the payment was made with the approbation of the town.

Sargeant *v.* Sunderland.

Book Account. The plaintiff's writ bore date October 25, 1844. Judgment to account was rendered in the county court, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiff's account was for services and disbursements as an attorney, from 1830 to 1835, except the last item, which accrued in December, 1843, and which was for fees, as judge of probate, for issuing a commission upon an application for inquisition in reference to a person represented by the overseer of the poor of Sunderland to be so much impaired in intellect, as to be incapable of managing for himself. The plaintiff gave credit for a payment of $6,00 in February, 1833, a payment of $3,00 in 1838, and a payment of $6,00 in 1839. The defendants insisted, that the whole of the plaintiff's claim was barred by the statute of limitations, except the last item, and that that was not a valid charge, for the reason, that the application, upon which the proceedings of the probate court were instituted, was insufficient to authorize the issuing of a commission to make inquisition. It appeared from the plaintiff's testimony alone, no entry having been made upon his book, that the sum of $6,00, credited by him as having been received in 1839, was paid in that year,—but at what time in the year did not appear,—by James A. Graves, who was then treasurer of the town of Sunderland. And it appeared from the testimony on the part of the defendants, that the sum of $6,00, credited as having been received in February, 1833, was also paid by Graves, who was then treasurer of the town. The auditor found, that there was a balance due to the plaintiff of $94,17, but referred to the court the question as to the plaintiff's right to recover, upon the facts above stated.

The county court, June Term, 1847,—Kellogg, J., presiding,— accepted the report and rendered judgment thereon for the plaintiff, for the balance found due by the auditor. Exceptions by defendants.

*D. Roberts, Jr.,* for defendants.

It is not competent for a party to an account, apparently barred by the statute of limitations, to revive the action by an entry, upon trial, of an item of credit within six years, sustained by his own oath alone. The reason, why a new item of credit has the effect to

Sargeant v. Sunderland.

remove the statute bar, is, that the transaction denoted by the credit is "equivalent to a new promise to account and pay the balance due." REDFIELD, J., in *Abbott v. Keith*, 11 Vt. 529. But a party claimant in the action on book account is not a competent witness to prove a new promise, to take the case out of the statute; *Weed v. Bishop*, 7 Conn. 128; *Paul v. Trescott*, cited by MATTOCKS, J., in *McLaughlin v. Hill*, 6 Vt. 20; and he should not be allowed, when he seeks by his own oath to establish a credit made at the trial, to accomplish that indirectly, which the law will not allow him directly to effect. *Gold v. Whitcomb*, 14 Pick. 188. *Hancock v. Cook*, 18 Ib. 30. *Penniman v. Rotch*, 3 Met. 216.

But the treasurer of a town is not the proper officer to settle and adjust the debts of the town; such duties belong to the selectmen. Rev. St. c. 13, § 53. It may be doubted, indeed, whether any town officer has authority, as such, to take the debt of the town out of the statute of limitations. *Peck v. Botsford*, 7 Conn. 172, 178. *Thompson v. Peters*, 12 Wheat. 565. *Middlebury v. Rood*, 7 Vt. 125.

The charge made in December, 1843, should not have been allowed, for the reason, that the application was so defective upon its face, as not to warrant any proceedings under it. The authority of the overseer of the poor to bind the town to an expense of this kind exists only by statute; and the statute not having been strictly pursued, the town was not holden to pay fees to the judge of probate for issuing a commission. But this charge cannot revive those before it, since there were no other proper items, either of debt, or credit, within six years. *Chipman v. Bates*, 5 Vt. 143. *Abbott v. Keith*, 11 Vt. 529.

*Sargeant & Fowler* for plaintiff.

If this is a running account, it is taken out of the statute. *Peachy v. Seaber*, 38 E. C. L. 593. *Abbott v. Keith*, 11 Vt. 525. The objection to the testimony of the plaintiff is not well founded. *Stevens v. Richards*, 2 Aik. 81. *Fay et al. v. Green*, Ib. 386. The party may testify to all things necessary to an examination of the case, even to the admission of the opposite party. *Reed v. Talford*, 10 Vt. 568. *Bryan v. Jackson*, 4 Conn. 288. How far such testimony shall gain credit is a question for the auditor to determine.

Sargeant *v.* Sunderland.

The last item in the account, being for judicial services, is chargeable on book, and may be recovered in this action. *Sargeant v. Pettibone*, 1 Aik. 355. The right of courts to receive their fees does not depend upon the correctness of their decisions, or the legality of the plaintiff's suit.

The opinion of the court was delivered by

KELLOGG, J. This was an action on book account, and the questions presented for the consideration of this court arise upon the auditor's report. The county court rendered judgment upon the report for the plaintiff.

It is urged, in opposition to the judgment, that the plaintiff's account is barred by the statute of limitations. It is true, that the debit side of the plaintiff's account shows all the charges, except one, to have been of more than six years' standing anterior to the commencement of this suit; and consequently the statute bar must prevail, unless there are facts disclosed in the case, which save it from the operation of the statute. This bar may be avoided in various ways. If there are mutual charges between the parties, continued to within six years of the commencement of the suit, it constitutes it a running account and takes it out of the statute ; so if the defendants have, within six years, admitted the account to be due, without any repudiation of it, or manifestation of an unwillingness to remain holden for it, it is such a recognition of the same, as will save it from the operation of the statute. It was so held in *Phelps v. Stewart*, 12 Vt. 256. So if the defendants have made payments upon the account generally, within six years next before the commencement of the suit, it will be a sufficient admission of indebtedness upon the account to avoid the statute bar.

It appears from the plaintiff's account, that in December, 1843, he rendered services for the defendants, and charged the same. This, however, is resisted, upon the ground that the application to the probate court did not authorize any proceedings under it. If it be admitted, that the written application to the probate court was insufficient to sustain a commission for inquisition and the appointment of a guardian, it will by no means follow, that the plaintiff is not entitled to compensation for a commission for inquisition, issued upon such application. The right to compensation cannot be made

to depend upon the sufficiency of the application. The applicants, having requested the action of the probate court in the matter, cannot be permitted, after having induced such action, to set up technical defects in the application, as a defence to a claim for such services. To allow such a defence would be allowing the applicants to take advantage of their own wrong. Nor would the fact, that the plaintiff had erroneously judged the application to be sufficient, when it was clearly insufficient, deprive him of his right to compensation. We see no reason, then, why this item should not be allowed.

But the allowance of this item will not save the previous portion of the account from the operation of the statute, inasmuch as it was all more than six years previous to the charge of December, 1843. The report, however, shows, that the treasurer of the town of Sunderland, in 1839, paid to the plaintiff six dollars, which is credited to the account generally. This item of credit is resisted by the defendants upon the ground, that the payment is not sufficiently proved, and, if proved, that it does not appear, that the same was authorized by the town. That the plaintiff was competent to testify to the fact of payment we think can hardly be denied, for it has been held by this court, that the examination of the parties is general in relation to the account, and extends to all circumstances connected with it. It has been held, that the party may testify to a payment, or settlement. *May et al.* v. *Corlew*, 4 Vt. 12. That the testimony of the plaintiff upon this point was believed by the auditor and the county court we cannot doubt.

The fact, that the payment was made by the treasurer of the town, being established, the law will presume, in the absence of all proof to the contrary, that the payment was made with the approbation of the town. He was one of the principal officers of the town, charged with the keeping of the funds of the town and was the disbursing officer of the town. Such a payment can only be accounted for upon the supposition, that the treasurer paid it in his official capacity, and with the sanction and approbation of the town. And this view of the case is strengthened by the fact, that a previous payment was made by the same individual, Graves, when he was treasurer of the town, which payment was proved by the defendants before the auditor and its allowance claimed. The county court must have found the fact of the payment of the six dollars, in

1839, by the treasurer of the town, and that the same was made by the authority of the town and was to be applied to the account generally. This payment was made, before the statute had run upon any portion of the account; and the effect of it was to save the account from the operation of the statute for six years longer,—within which time the present suit was brought.

If we are correct in this conclusion, the result is, that the account is not barred by the statute of limitations, and consequently the judgment of the county court is affirmed.