Barnet *v.* Woodbury.

## TOWN OF BARNET *v.* TOWN OF WOODBURY.

*Pauper.   Removal.   Evidence.   Grand List.   Town Clerk.*

Under section 11, chapter 20, General Statutes, a copy of the order of removal of a pauper must be delivered to, or served on, the overseer within thirty days after making the order, and sooner if the warrant of removal is sooner executed. But the act of 1864, No. 18, so altered the law as to dispense with the delivery of the copy of the order if the warrant of removal is executed and served within thirty days after the order is made.

A town clerk is not a certifying officer of a grand list or other documents required by law to be *deposited* in the town clerk's office but not to be *recorded* therein. Therefore his certificate is not sufficient authentication to make copies of such documents legal evidence.

The plaintiff introduced the following paper, signed by the town clerk of Woodbury, as tending to prove the settlement of Geo. W. Fisher:

" *Dear Sir :* I find the grand list of Geo. W. Fisher, for the following years to be as follows: for the year 1829, Geo. W. Fisher, one poll, $10," and so on for the other years. At the close he certifies that "the above list of Geo. W. Fisher is a true copy taken from the grand list books of Woodbury." *Held,* that this was inadmissible, even if the town clerk was the certifying officer of the grand list, as the paper is not a copy of that which, by law, constitutes a grand list.

THIS was an appeal from a warrant of removal of one Emeline Fisher, daughter of Geo. W. Fisher, and was heard upon a motion to quash.

It was proved that Emeline had gained no legal settlement by her own act or residence, and that if she had a legal settlement in Woodbury it was derived from the said George by a residence of seven successive years in Woodbury, and the question on the trial was whether the said George did so reside in Woodbury.

The plaintiff town, as tending to prove the residence of said Geo. W., introduced the following paper :

" ROBERT GIBSON, ESQ.,—*Dear Sir :* I find the grand list of Geo. W. Fisher for the following years to be as follows, for the year

| 1829, | Geo. W. Fisher, 1 poll, | - | - | | $10 00 |
| 1830, | "      " | - | - | - | 10 00 |
| 1831, | "      " | - | - | - | 10 00 |
| 1832, | "      " | - | - | - | 10 00 |

Barnet *v.* Woodbury.

| 1833, | Geo. W. Fisher, 1 poll, | - | - | 10 | 00 |
|---|---|---|---|---|---|
| 1834, | "          " | - | - | 10 | 00 |
| 1835, | "      1 poll and stock, | | - | 16 | 00 |
| 1836, | "      1 poll and stock, | - | - | 13 | 50 |
| 1837, | | | | | |
| 1838, | "      1 poll, | - | - | 10 | 00 |

" I hereby certify that the above list of Geo. W. Fisher is a true copy, taken from the *grand list* books of Woodbury, May 30th, 1867.

" A. W. NELSON, *Town Clerk.*"

Which was objected to because it was not proper and competent evidence for the purpose offered. The defendant's objection was overruled and the paper admitted,—to which the defendant excepted.

Other facts are sufficiently stated in the opinion of the court.

*C. H. Heath* and *Timothy P. Redfield*, for the defendant.

*B. N. Davis*, for the plaintiff.

The opinion of the court was delivered by

PECK, J. The first question is whether the court erred in overruling the defendant's motion to dismiss. The ground of the motion to dismiss is, to use the language of the motion, " because neither the order of removal, nor the notice required by law, was in any manner served on the overseer of the poor of said Woodbury ;" referring to the officer's return as a part of the motion. The exceptions, on this point, state that the facts appear on the face of the record, by which must be intended the files in the case. The order was made September 13th, 1866, and the removal of the pauper, under the order, was made October 10th, 1866, within thirty days after the date of the order.

The return of the officer who executed the warrant of removal does not show that he left any copy with the overseer of the town of Woodbury, except a copy of the warrant ; and, as the exceptions state that the facts relating to the subject of the motion appear of record, it is to be taken that no copy of the order was ever left. The motion to quash is founded on the neglect to deliver *to,* or serve

*upon,* the overseer of Woodbury a certified copy of the order. If the statute requires a delivery of such copy in a case in which the warrant of removal is executed within thirty days after the order is made, the motion should prevail; otherwise it was properly overruled. The General Statutes, chapter 20, section 5, providing for the execution of the warrant of removal, require the officer to leave with the overseer of the town to which the removal is made a copy of the warrant, but make no mention of a copy of the order. But section 11 provides that a copy of the order shall be delivered to such overseer within thirty days after the making of the order, " *unless such pauper shall be removed within that time,* and if removed within that time, then at the time of such removal." So that in all cases, under this statute, a copy of the order must be delivered or served within thirty days after making the order, and sooner if the warrant of removal is sooner executed. Under this statute this order of removal should be quashed.

The question then is whether the act of 1864 so alters the law as to dispense with the delivery of the copy of the order if the warrant of removal is executed and served within thirty days after the order is made. It does not in terms repeal the provisions of section 11 of the General Statutes, but it provides that section 11 of chapter twenty of the General Statutes shall read as follows : and then proceeds substantially in the language of that section, omitting the provision requiring a copy of the order to be left when the warrant is served, if served within the thirty days. This act of 1864 must be regarded as a substitute for section 11 of the General Statutes, and operates to repeal that section so far as it differs from this act. Therefore no copy of the order in this case was necessary, and the motion was properly overruled.

The next question is whether the paper certified by the town clerk of the town of Woodbury, introduced by the plaintiff, was properly admitted in evidence to show the residence of George W. Fisher, the pauper's father, in that town, from whom it is claimed the pauper took a derivative settlement. . The paper purports to show that George W. Fisher, was listed in that town from 1829 to 1838, inclusive, (except the year 1837,) and is apparently made up of extracts

from the grand list of those years.   The first question is whether the town clerk is a certifying officer of a grand list.   The grand list of a town is a document which the law requires to be deposited in the town clerk's office, but it is not required to be recorded.   The General Statutes, chapter 15, section 37, provides that, " the town clerk shall furnish certified copies of any instrument *on record* in his office, on the tender of legal fees for such service, and his attestation shall be a sufficient authentication of such copies." It will be seen that this provision is confined to instruments *on record*. A grand list is a *document* not a *record*.

We think, considering the numerous papers and documents that are required by law to be deposited in the town clerk's office and not to be recorded, that this provision of the statute was not intended to apply to such papers.   Had that been the intent of the legislature it would have been so expressed.   This is evident from the next section, which imposes a penalty on the town clerk for refusing to give a copy of any *record;* and then imposes a penalty for refusing to show any record, *or any files,* in his office.   The penalty for not giving copies is confined to records, but that for not exhibiting for inspection is extended to other papers ; thus recognizing the fact that a town clerk is the keeper of papers which it is his duty to exhibit on request, but of which it is not his duty, and, of course, not within his power, to give certified copies for the purpose of legal evidence. We think the statute making the clerk's certificate a sufficient authentication cannot be extended by implication or construction to a document of this character.

But, even if we should hold that a town clerk is a certifying officer of such documents as a grand list, we should have difficulty in holding this paper admissible.   . The paper commences in the form of a letter addressed to some person, in which the writer says : " *Dear Sir*—I find the grand list of George W. Fisher, for the following years, to be as follows : for the year 1829, George W. Fisher 1 poll, $10.00," and so on for the other years.   This looks more like certifying to facts, than to authenticating the copy of an instrument or document in his office.   It is true he certifies at the close, " that the above list of George W. Fisher is a true copy taken from the grand

list books of Woodbury." We must construe the paper in view of what, by law, constitutes a grand list. This paper has neither the commencement nor the conclusion of a grand list. It does not purport to have been signed by the listers. If there is an original in the town clerk's office identical with this, it does not purport to be a grand list. The obvious view of the paper is, that it is a paper made up of extracts from the grand list of the several years in question, instead of being a copy of an existing original official document. In no view can we regard the paper as legal evidence.

Judgment reversed and new trial granted.