## THE TOWN OF WINDHAM v. THE TOWN OF CHESTER.

*Order of Removal. Motion to Quash. Officer's Return.*

The complaint for an order of removal was against C., late of G., and W. and her children, late of the defendant town. The order appealed from was only for the removal of W., with her family and effects, and C. was not named therein. *Held*, that the joinder of C. in the complaint, was no cause for quashing said order.

An order of removal of a pauper, "her family and effects," is sufficient. The order need not set forth the names of the different persons constituting the pauper's family, any more than it need particularize the different articles of the pauper's effects.

An officer's return in pauper proceedings, is, at least, *prima facie* evidence, as between the parties, of the truth of the service therein stated.

APPEAL from an order of removal of Louisa Walker, her family and effects, from the town of Windham to the town of Chester.

The complaint was dated January 25th, 1872, and alleged that "Alonzo B. Cook, late of Grafton, a stranger, has come to reside in said town of Windham, and has not gained a legal settlement therein ; and, also, one Louisa Walker and children, strangers, late of Chester, in the county of Windsor, have come to reside in said town of Windham, and have not gained a legal settlement therein ; and that the said Cook, Walker and her children, are likely to become chargeable," &c. Prayer for process against the said "Alonzo B. Cook and Louisa Walker," in the usual form. The warrant attached to said complaint was dated January 29, 1872, and commanded the officer to bring the bodies of "Alonzo B. Cook, and Louisa Walker and her children," before the justices, on the 2d day of February, 1872. The officer's return thereon was dated February 2d, 1872, and stated that he had "the within named Alonzo B. Cook and Louisa Walker in court," &c.

The warrant of removal, dated the same day, did not name the said Cook, but recited the order made on the same day for the removal of the said Louisa, "her family and effects," on or before the 8th day of said February. To said last named order, was appended a notice to the overseer of the poor of Chester, made in the form prescribed by No. 18 of the acts of 1864, which

named only the said Louisa. The officer's return upon said warrant and notice, was as follows:

"At Chester, in said county, this 8th day of February, A. D. 1872, then by virtue of the order of removal, a certified copy of which is attached to the within precept to me directed, I served the same by leaving a true and attested copy of the same with Addison Adams, overseer of the poor of said town of Chester, and, also, then and there left with said overseer a like true and attested copy of this precept, with this my return hereon thereon indorsed, attested by me."

Nothing but the files above mentioned was shown to the court on the trial,

The defendant moved to quash the order of removal; first, because the said Louisa was not removed within thirty days after the making of such order, nor a certified copy of said order, with a notice thereto appended, served on the overseer of the poor of said Chester within said thirty days; secondly, because neither the number nor the names of the said Louisa's children, were in said complaint or warrant of removal; thirdly, because the said Cook was joined with the said Louisa in said complaint.

The court, at the April term, 1872, BARRETT, J., presiding, rendered judgment that said order of removal be quashed; to which the plaintiff excepted.

*Waterman & Reed*, for the plaintiff.

The officer's return, which is made a part of the exceptions, shows that a true and attested copy of a certified copy of the order of removal, and a true and attested copy of the notice, were left with the overseer of the poor of the defendant town within thirty days after the making of said order. This return is conclusive evidence of the fact as between the parties, and is sufficient. Laws of 1864, p. 38; *Barnet* v *Woodbury*, 40 Vt. 266; *White River Bank* v. *Downer & Trs.* 29 Vt. 332; *Witherell* v. *Goss & Deland*, 26 Vt. 748; *Barrett* v. *Copeland*, 18 Vt. 67; *Staniford* v. *Barry*, 1 Aik. 321; *Hawks* v. *Baldwin & Co.* Brayt. 85.

The defendant having set forth in the notice the grounds for quashing the order, must stand on them. If they are insufficient,

the motion should be overruled. "The statutory ground for the motion should be distinctly brought to the attention of the court, * * * stating fully and explicitly the statutory cause." *Barnet* v. *Emery*, 43 Vt. 178. The court will not go outside the grounds stated in the motion to find defects in the service. The motion does not allege sufficient grounds for quashing the appeal. It was evidently drawn in view of §11 of ch. 20 of the Gen. Stat., which, before it was repealed, required service to be made by leaving a copy of the order and notice with the overseer, which, the motion alleges, was not done in this case. Gen. Stat. ch. 20, §11 ; Acts of 1864, p. 38 ; *Barnet* v. *Woodbury*, 40 Vt. 266.

It is not necessary that the complaint or warrant of removal should contain either the number or names of said Walker's children. *Landgrove* v. *Pawlet*, 20 Vt. 309 ; *Burlington* v. *Essex*, 19 Vt. 91 ; *Bristol* v. *Braintree*, 10 Vt. 203.

It is no objection to the order of removal that Alonzo B. Cook was joined with said Walker in the complaint. Cook's name does not appear in either the order or warrant of removal. The complaint is not a material part of the pleadings. *Wilmington* v. *Jamaica*, 42 Vt. 694.

*L. Adams* and *Hugh Henry*, for the defendant.

The provisions of the statute are mandatory as well as directory, and an exact compliance with all the terms of the statute was necessary, in order to make the proceedings in this case regular and effectual ; and the fact that the material requirements were disregarded and omitted in this case, make the proceedings on the part of the town of Windham, irregular, and the court below ruled rightly in sustaining the motion to quash.

1st. Because the statutes, and the act of November 15th, 1864, require that the pauper be actually removed to the town adjudged liable, within thirty days after the making of such order of removal, which, in this case, was not done ; or, that a copy of the order of removal, and notice, shall be left with the overseer of the poor of the town to which the pauper is to be removed, which was not done in this case ; and the omission so to do, is fatal, and a non-compliance with the provisions of the statute. Gen. Stat. ch. 20,

§ 11; *Georgia* v. *St. Albans*, 3 Vt. 42; *Dorset* v. *Rutland*, 16 Vt. 419; *Sharon* v. *Strafford*, 37 Vt. 74; No. 18 of acts of 1864; *Barre* v. *Morristown*, 4 Vt. 575; *Marshfield* v. *Calais*, 16 Vt. 598; *Barnet* v. *Woodbury*, 40 Vt. 266.

2d. Neither the names or the number of the children of the pauper sought to be removed, are given in the complaint or warrant of removal, which is fatal, as we claim the law is that both the names and number must be given. *Hartland* v. *Williamstown*, 1 Aik. 241.

3d. The complaint joins one Alonzo B. Cook, who is complained of as having a settlement in the town of Grafton, which is in the county of Windham, with Louisa Walker, who is complained of as being a pauper, chargeable to the town of Chester, which is in the county of Windsor, which is a misjoinder and fatal, and makes the proceedings on the part of the town of Windham null and void, and entitles the appellant town to recover their costs.

The opinion of the court was delivered by

Ross, J. I. The defendant's third ground for quashing the order of removal of the pauper, Louisa Walker, as stated in its motion, is, that one Alonzo B. Cook is joined with said Walker in the complaint. The order of removal of Louisa Walker and family, is that which is appealed from; Cook is not joined in the order which is the subject of appeal. The complaint sets up Cook as a resident of Grafton, and not as a resident of Chester. From the papers in the case, it does not appear whether the justices made any order in regard to him. As he is not named in the order appealed from, we are unable to see how the defendant is affected injuriously, or otherwise, by the fact that he is named in the same complaint by the overseer of the plaintiff to the justices, or how the fact that he is joined in the complaint with the pauper ordered to be removed to the defendant, can be a misjoinder that the defendant can take advantage of in a motion to quash. If Cook had been included in this order of removal, it doubtless would have been a misjoinder, as the order of removal is the subject-matter brought up from the justices for adjudication in the county court. The complaint, by § 4, ch. 20 of the

Gen. Stat., is rendered necessary, to enable the justices to issue the warrant to bring the paupers named in the complaint before them, that they may make the necessary inquiries, to enable them. to make an order of removal if the facts found by them warrant it. No section of the statute requires the complaint, or a copy of it, to be sent by the justices to the county court, as a necessary paper in the proceedings of that court. We think this alleged ground for quashing the order is not tenable.

II. The defendant's second ground for quashing the order is, that neither the number, nor the names of said Walker's children, are given in the complaint, or warrant of removal. as required by the decision, 1 Aiken, 241, *Hartland* v. *Williamstown*. This ground for quashing the order is disposed of by the decision of this court in *Landgrove* v. *Pawlet*, 20 Vt. 309, in which the court review the case in 1 Aiken, and subsequent cases to that time, and hold that an order for the removal of a pauper, with his family and effects, is sufficient, and that the order need not set forth the names of the different persons constituting the pauper's family, any more than it need particularize the different articles constituting the effects of the pauper.

III. The defendant's first ground for quashing the order is, that the pauper was not removed to the defendant town within thirty days after the making of the order; nor was any certified copy of the order of removal and the notice, left with the overseer of the poor of the defendant within thirty days after the making of the order, as required by the statute. The defendant admits that a copy of the warrant of removal was left within thirty days after the making of the order. The judge who certifies the exception refers to the files, and says they constituted all that was shown to the court on the trial. The files referred to as shown to this court, consist of the complaint of the overseer of the poor of the plaintiff to the justices; the justices' warrant on the complaint to the officer to bring the paupers before them; the officer's return on said warrant; the warrant for the removal of the pauper, Louisa Walker, with her family and effects, from the plaintiff town to the defendant town, issued by the justices; the notice issued by the justices to the defendant town; and the officer's

return, said to be made on the warrant and notice. The officer's return states that, " by virtue of the order of removal, a certified copy of which is attached to the within precept to me directed, I served the same by leaving a true and attested copy of the same with Addison Adams, overseer of the poor of said town of Chester, and, also, then and there left with said overseer a like true and attested copy of this precept, with this my return," &c. If this return of the officer is to be taken as true, the officer served a certified copy of the order of removal and the notice on the overseer of the defendant town. If the officer did this, the defendant town has received just such service of the papers in the case as § 1, No. 18, of the acts of 1864, which this court held in *Barnet* v. *Woodbury*, 40 Vt. 266, to be a substitute for § 11, ch. 20, of the Gen. Statutes, requires. The defendant, whose duty it was to bring to the county court the proper papers for the appeal, has shown to that court no copy of such an order of removal as the officer's return shows was served on the defendant. The county court have not found that no such order of removal exists. We cannot, from the fact that no copies have been produced by the defendant in the county court, assume that no order of removal has been made by the justices, nor that the justices did not deliver a certified copy of the same, with the notice, to the officer, nor that the officer did not serve the same on the defendant town in the manner he has officially certified in his return. The act of 1864 requires that a copy of the order of removal, certified by the justices, and the notice prescribed in that act, shall be served on the overseer of the town to which the pauper is ordered to be removed, in the same manner writs of summons are by law required to be served.

The parties to an ordinary writ of summons or attachment, are concluded by the officer's return as to the manner of the service, and the return cannot, as between them, be contradicted or explained by extraneous evidence, or by the copy left by the officer. *White River Bank* v. *Downer & Tr.* 29 Vt. 332 ; *Witherell* v. *Goss & Delano*, 26 Vt. 748 ; 2 Saund. 148 c. The party is left in such cases to his action against the officer for any falsity in the return. *Hawks* v. *Baldwin & Co.* Brayt. 85. In an action

against the officer, his return is *prima facie* evidence of the facts therein contained. *Barrett* v. *Copeland*, 18 Vt. 67. In *Witherell* v. *Goss & Delano*, Judge ISHAM uses this language : " The true principle governing the case is this ; wherever there is sufficient privity to enable a party to sustain an action against an officer for a false return, that return is conclusive in the proceedings under which it was made, and the party injured is driven to his action against the officer ; but as to third persons, where no such privity exists, and no such action can be sustained, the return is not conclusive." By this rule, which we think is the true rule in such cases, the officer's return is conclusive evidence that he served a copy of the order of removal, certified by the justices, and the notice, on the overseer of the poor of the defendant. At least, it is *prima facie* evidence of such service. We need not go so far as to hold that the officer's return is conclusive evidence as to the manner and kind of service, for there is nothing in the files in the county court, to which this court is referred, to rebut the *prima facie*, not to say conclusive, evidence furnished by the officer's return, of the truth of the service therein stated. The result is, that the facts relied upon by the defendant as the first ground for quashing the order of removal, though sufficient if proved, are not found by the county court, nor was there any evidence before that court from which to find such facts.

The judgment of the county court is reversed, the motion to quash overruled, and the cause remanded.