# WILLIAM S. BROCK *v.* SAMUEL BRUCE AND TR.

*School District. Public Money. Presumption. Committee.*
*Tax. Future Expenses.*

1. It is presumed that an appropriation of public money by school district officers to pay for repairs of a school-house was authorized by the district, when it does not appear whether it was or not.
2. Money borrowed by a school committee without the authority, but on the credit, of the district, and used to supply a temporary need in paying the expenses of the school, may be treated as if borrowed of himself, and as a part of the expenses for which a tax might legally be assessed under a vote of the district.
3. A committee in assessing a tax has a right to anticipate the wants of a district, and may legally assess it at a reasonable time before the money is required.

ACTION by the plaintiff, as collector, to collect a school tax. Trial by jury, June Term, 1886, Ross, J., presiding. Verdict and judgment for the plaintiff. The exceptions stated that the district at the annual meeting " voted to assess the grand list

to defray the expenses of school." See *Brock* v. *Bruce*, 50 Vt. 261. The jury returned a special verdict, in effect that the defendant absolutely refused to pay to tax on the plaintiff's demand, and that the defendant had no known personal property in this State sufficient to pay the tax.

*Ide & Stafford*, for the defendant, cited *Brock* v. *Bruce*, 58 Vt. 261; R. L. s. 630; *Chandler* v. *Bradish*, 23 Vt. 416; *Rowell* v. *Horton*, 57 Vt. 31.

*Bates & May*, for the plaintiff, cited R. L. ss. 430, 636; *Clement* v. *Hale*, 47 Vt. 687; *Wilson* v. *Ceavey*, 38 Vt. 227; *Houston* v. *Russell*, 52 Vt. 110; *Wheeler* v. *Wilson*, 57 Vt. 157.

The opinion of the court was delivered by

ROWELL, J.    When this case was here before, it was held that a tax to pay for these repairs could not legally be assessed under the vote to raise a tax for " the expense of schools," and that the certificate of the prudential committee attached to the rate-bill, showing that the tax was assessed for repairs as well as for " the current expenses of the schools," was not conclusive, but might be contradicted by showing that nothing was in fact included for repairs. It is now claimed that the case shows both by the certificate and otherwise that these repairs *were* included, and that therefore the tax is illegal. But instead of showing that, it clearly shows that they were *not* included, but were paid for out of the public money long before the tax was assessed.

But it is claimed that if paid for out of the public money, such payment was a misapplication of the fund, as it was not authorized by a vote of the district; that the public money is devoted by law to the support of schools, and that a vote to raise a tax to defray the expense of schools is in effect a vote to raise what is necessary for that purpose after the public money is expended for the same purpose; and that by such

misapplication the prudential committee could not get the right to assess a tax enough in excess of what was voted to cover the amount misapplied.

In respect of this claim, it is sufficient to say that it does not appear that such payment was *not* authorized by the district. It does not appear whether it was or not; and hence it cannot be presumed that it was not, but the presumption is rather the other way. Thus, in *Sargeant* v. *Sunderland*, 21 Vt. 284, the fact that a town treasurer made payments on the town's debt, nothing appearing to the contrary, was held to raise a presumption that he paid with the approbation of the town.

It is further claimed that the prudential committee had no right to borrow the $100 of James on the credit of the district, nor to include anything in the tax for its payment.

This money was needed and used for paying the expenses of the summer school, and if the committee had no authority to borrow it on the credit of the district, it may be treated as though they borrowed it of themselves; and it being to supply a temporary need in respect of expenses for which a tax might legally be assessed under the vote, it was properly a part of those expenses, and ought to be so regarded.

It is further claimed that the tax is illegal because assessed to cover future and unascertained expenses. But the case does not show that the future expenses were unascertained. For aught that appears, the committee had accurate data from which to ascertain future expenses; and from the fact that the amount of the tax assessed and the amount of the school expenses for the year very nearly coincide, it would seem that it had.

Nor does it appear that the money was not needed for future expenses as fast as it was realized from the tax. The holdings that under such a vote as this the tax should not be assessed until the money is required, do not mean that it should not be assessed until the very day the money is required for use. The committee has a right to anticipate the wants of the district in

this behalf by a reasonable time, and to assess the tax long enough beforehand to enable the money to be realized from it; and here it appears to have been paid out about as fast as collected and paid in.

Judgment affirmed.