MORRIS McKINSTRY *v.* O. R. COLLINS and B. H. LOVELL.

October Term, 1903.

Present: ROWELL, C. J., MUNSON, START, WATSON, and HASELTON, JJ.

Opinion filed February 10, 1904.

*Assault—Officer—Justification Under Process—Replevin—Bond—When Should be Taken—Return—Evidence—Impeachment — Foundation — Presumptions —Instructions.*

An amended bill of exceptions, which is properly substituted for the one first filed, need not require the excepting party to furnish a transcript of the record referred to in the original bill.

To reserve an available exception to the exclusion of the testimony of a witness, an offer must be made stating the testimony the witness will give, if permitted to testify, and an exception taken to its exclusion.

Testimony tending to impeach a witness, who is not a party, is properly excluded, when no foundation for its introduction is laid by inquiries of the witness sought to be impeached.

In an action by a husband for an assault upon his pregnant wife, which caused her death, he may show her physical condition before the injury, by her acts and appearance, together with her condition subsequent thereto.

It is proper to allow a duly qualified expert to answer a hypothetical question, which assumes no fact not supported by the evidence.

When, in an action against an officer for an assault upon the plaintiff's wife in his presence, the plaintiff, on cross-examination, testified that after the alleged assault he had pleaded guilty to an assault upon the defendant upon the occasion in question, and that he had testified in a former trial, that, when he did so he

understood he was pleading to a charge of resisting an officer, he may, on re-direct examination, testify to the circumstances under which he entered said plea, and what he then understood the plea of guilty referred to.

There is no vested right in a rule of evidence, and it is within the constitutional power of the Legislature to modify, or limit, its effect, and to make such modification, or limitation, apply to pending suits.

In the trial of a case by jury, the Court may, besides the general verdict, submit to the jury a special question, so that it may appear whether certain instructions in respect of the general verdict, if wrong, are also harmful.

An officer may commence the service of a writ of replevin by taking the property into his possession, so that it can be appraised, or its value agreed upon; but he has no right to deliver the property to the plaintiff in the replevin suit, without first taking the bond which is required by V. S. 1472, and if he does so, he cannot justify under his process.

When, in an action against an officer for an assault upon the plaintiff's wife, the defendant attempts to justify under a writ of replevin against the plaintiff, the return thereon is *prima facie* evidence in favor of the defendant, but it is open to contradiction by the plaintiff upon the question whether the officer delivered the property to the plaintiff in the replevin suit before taking the bond required by V. S. 1472.

In an action for an assault upon the plaintiff's wife, the law presumes that the defendant did not commit the assault, and this presumption stands till it is overcome by evidence, and it is error for the Court to refuse to instruct the jury so.

When, in an action against an officer for an assault upon the plaintiff's wife, in his presence, the defendant justifies under a writ of replevin against the plaintiff, and it is claimed by the plaintiff that the officer delivered the property to the plaintiff in the replevin suit before taking the bond required by V. S. 1472, the law presumes the contrary, and ít is error for the Court to refuse to instruct the jury so.

CASE FOR AN ASSAULT UPON THE PLAINTIFF'S WIFE. Plea, the general issue, with notice of special matter in justification. Trial by jury at the March Term, 1903, Washing-

ton County, *Stafford,* J., presiding.  Verdict and judgment for· plaintiff.  The defendants excepted.

It appeared that some time in the fall of 1896 defendant ·Collins, in company with Lovell, came to the plaintiff's home. Collins was an officer and had a writ of replevin wherein he was commanded to replevy a certain colt then in the possession ·of the plaintiff.

The plaintiff's evidence tended to show that Collins did not reveal to him the fact that he was an officer and had said ·writ of replevin; that plaintiff attempted to lock his barn, and thereupon Collins attempted to prevent the plaintiff from doing so, and they clinched, whereupon plaintiff told his wife ·and sister, who were present, to take the lock and fasten the door; that thereupon Collins called upon Lovell to assist him; that thereupon Lovell seized plaintiff's wife, who was seven months pregnant, threw her against the carriage wheel, and ·severely injured her, so that she was taken sick immediately, ·and continued sick till the 17th day of January following, when she gave birth to a dead child, partly decomposed and ·covered with red marks; that she continued sick till the 3rd day of February, when she died; that said sickness and death ·were caused by said assault, by causing the death of the child ·and resulting blood poisoning in the mother.

Subject to the objection and exception of the defendants, ·the plaintiff was allowed to ask long hypothetical questions ·of a duly qualified medical expert.  The exceptions state that ·there was evidence tending to show all the facts assumed by these questions.  The following is quoted from the bill of exceptions:

"As tending to show that the plaintiff's wife died of septicæmia the plaintiff called one N. A. Ross, then a clergy·man at Woodbury, who saw the plaintiff's wife the night that ·she died and who testified to the condition of the plaintiff's

wife when he saw her and subject to the defendants' objection and exception was allowed to testify that she breathed hard, was struggling hard for breath, was short of breath, and as she would speak there would be a pause before she would speak again."

"The plaintiff had used the plaintiff's mother as a witness who had stated the condition of the plaintiff's wife after December 5th, that she could not go up stairs and could sit up only a part of the time. On cross-examination she stated that plaintiff's wife went to the barn with her occasionally during this time to feed the cattle. On re-examination she was permitted to testify, subject to defendants' objection and exception, that after plaintiff's wife was injured she would sometimes go out with plaintiff's mother, but that the hay was on the barn floor so that they could slip it through to the cattle."

"The plaintiff's sister, who was with his wife a large portion of the time during the claimed sickness which followed her alleged injury, was permitted to testify on behalf of the plaintiff, that during the time that the witness was with her she complained of being in pain through the bowels and back; that she was unable to go up or down stairs because it hurt her back, and that she complained of a bearing down pain after she had been up stairs. Plaintiff's counsel asked this witness the following question:

'Q.—What kind of a woman was Mrs. McKinstry in respect to her disposition, whether lively or melancholy?

Subject to defendants' objection and exception, the witness answered:

A.—She was lively.' "

*J. P. Lamson* and *George W. Wing* for the defendants.

It was error to allow the plaintiff to explain the circumstances under which he entered the plea of guilty, and what he then understood said plea referred to. *Porter* v. *Gile,* 47 Vt. 623; *Mussey* v. *White,* 58 Vt. 45; *Kimball* v. *Newport,* 47 Vt. 38, 42; *Holt* v. *Thatcher,* 52 Vt. 592.

The officer's return is conclusive upon the question of whether he had bond when he turned over the property. *Bennet, White & Co.* v. *Allen,* 30 Vt. 684; *Thurber & Co.* v. *Town,* 46 Vt. 395; *Bent* v. *Bent,* 43 Vt. 42; *Tripp* v. *Howe,* 45 Vt. 523; *Brown* v. *Clark,* 27 Vt. 575; *Wilder* v. *Stafford, et al.,* 30 Vt. 399; *Wheelock* v. *Sears,* 19 Vt. 559; *Miller* v. *Cushman,* 38 Vt. 593.

The Court should have complied with the defendants' requests as to the presumption of innocence, and the presumption that an officer acts regularly. *Child* v. *Merrill,* 66 Vt. 308; *Greensboro* v. *Underhill,* 12 Vt. 604; *Bradish* v. *Bliss,* 35 Vt. 326; *Weston* v. *Gravlin,* 49 Vt. 507; *Fire Ass'n* v. *Bank,* 54 Vt. 657; *Currier* v. *Richardson,* 63 Vt. 617; *Stevenson* v. *Gunning's Est.,* 64 Vt. 601; *Fairbanks* v. *Benjamin,* 50 Vt. 99; *Drake* v. *Mooney,* 31 Vt. 617; *Wood* v. *Doane,* 20 Vt. 612.

*H. C. Shurtleff* and *W. A. Lord* for the plaintiff.

Plaintiff was properly allowed to explain the circumstances under which he entered the plea of guilty. *State* v. *Carpenter,* 54 Vt. 551.

A party has no vested right in a statutory mode of proof. *Richardson, Admr.* v. *Cook,* 37 Vt. 603; *Montpelier* v. *Senter,* 72 Vt. 112; *Pratt* v. *Jones,* 25 Vt. 303; Cooley's Const. Lim., Vol. 1, 452, 457, 469.

Declarations of plaintiff's wife, as to her then existing pain were admissible. *State* v. *Howard,* 32 Vt. 404; *Earl and wife* v. *Tupper,* 45 Vt. 284.

The burden was on the defendants to prove their plea of justification. No presumption is a substitute for such proof. *Bosworth* v. *Bancroft,* 74 Vt. 451; *Davis* v. *Bowers Granite Co.,* 75 Vt. 286; *U. S.* v. *Carr,* 132 U. S. 644; *U. S.* v. *Ross,* 92 U. S. 281.

START, J. The action is for the recovery of damages for an alleged assault upon the plaintiff's wife, which it is claimed caused her death. The defendants, among other things, justified under a replevin writ. The amended bill of exceptions, which was properly substituted for the one first filed, did not require the defendants to furnish a transcript of the record referred to the original bill of exceptions, and there was no occasion for their doing so.

The defendants asked a witness who was present at the time the child was born, what was said when Mr. McKinstry was in the room, in relation to the child's breathing or gasping when it was born. The Court excluded this question, and the defendants excepted. The question was not accompanied by an offer to show any fact, nor does it appear what the answer would have been if taken; therefore, error does not appear. *State* v. *Noakes,* 70 Vt. 256, 40 Atl. 249. Mrs. Widber was called by the defendants. On cross-examination, it appeared that she was present at the former trials and was not called as a witness. The defendants then offered to show by her that the plaintiff's counsel knew, at the time of the former trial, that she was at the plaintiff's house during Mrs. McKinstry's illness. It appeared from her testimony that this fact was known to the plaintiff, and the question of whether his counsel knew was immaterial. A witness, called by the plaintiff, testified, that, on the evening of the day the defendants were at the plaintiff's house, defendant Collins told him that he took the plaintiff's wife and slapped her up against

the barn and she groaned right out. The defendants, without inquiring of the witness respecting his testimony on the former trial, offered to show by the stenographer that, at the former trial, the witness testified that Lovell, at another time and place, told him that he, Lovell, took Mrs. McKinstry, on the occasion in question, and kicked her across the barn floor. No foundation was laid by inquiries of the witness for the introduction of this testimony, and the same was properly excluded. It was permissible for the plaintiff to show the physical condition of his wife before the injury complained of, as indicated by her acts and appearance, also her condition after the injury; and, in so far as appears, there was no error in the rulings of the Court upon questions relating to her condition, nor does it appear that there was error in receiving opinion evidence based upon the facts which the evidence tended to show respecting her symptoms and conditions. *State* v. *Hayden*, 51 Vt. 296; *Foster's Executors* v. *Dickerson*, 64 Vt. 254, 24 Atl. 253; *McKinstry* v. *Collins and Lovell*, 74 Vt. 147, 52 Atl. 438.

It appeared from the cross-examination of the plaintiff that he had entered a plea of guilty of an assault upon defendant Collins on the occasion in question, and that he testified on the former trial, that, when he did so, he understood he was pleading to a charge for resisting an officer. Subject to the defendants' exception, the plaintiff was allowed to testify to the circumstances under which he entered the plea and what he then understood his plea of guilty referred to. In this there was no error. The fact that the plaintiff had pleaded guilty to a charge of resisting an officer, or of assaulting Collins, on the occasion in question, tended to discredit the testimony given by him; and, as bearing upon the force and weight to be given to his plea of guilty, it was competent to show the circumstances and conditions under which he entered

the plea, and his understanding of the nature of the charge to which he entered a plea of guilty. *Laflam* v. *Missisquoi Pulp Co.,* 74 Vt. 140, 52 Atl. 526; *State* v. *Lockwood,* 58 Vt. 378, 3 Atl. 539.·

As tending to show that the plaintiff's wife died of pneumonia, the defendants offered in evidence a certified copy of the record of the certificate of her death, in which was stated, among other things, that the cause of her death was pneumonia. The offer was excluded and the defendants excepted. In this there was no error. Since we held in this case that such certificates were evidence of the cause of death, as reported in 74 Vt. 147, the Legislature has changed the law, by No. 44 of the Acts of 1902, which provides that no public record of births, marriages or deaths required by law to be kept, nor any certified copy thereof, shall be competent evidence in the trial of any suit now or hereafter pending to prove any fact stated therein, except the fact of birth, marriage or death. There is no vested right in a rule of evidence. Such rules only affect the remedy, and it is within the constitutional power of the Legislature to modify or limit their effect, as was done by the act in question. 6 Am. & Eng. Ency. Law, 2 Ed. 950; *Richardson* v. *Cook,* 37 Vt. 605; *State* v. *Welch,* 65 Vt. 55, 25 Atl. 900.

The Court instructed the jury to answer the following question: "Did Collins have a completed bond before he delivered the colt to Lovell?" To this question the jury answered, "No." The defendants excepted to the Court submitting this question to the jury. The Court could, in its discretion, take an answer to this question, so that it could be seen whether the instruction, for the purposes of the general verdict, respecting the taking of a bond before delivering the property to the plaintiff, if wrong, harmed the defendants.

If the jury had found that the bond was seasonably taken, the instruction, for the purposes of the general verdict, would have been harmless. The jury having found that a bond was not taken before the property was delivered, reversible error appears, if it was not the duty of Collins to take a bond before delivering the property. If it was his duty to take a bond before delivering the property, the general verdict and judgment are not affected by the question and answer; and the same are immaterial. The important inquiry is whether there was error in the instruction to the jury upon this subject, for the purposes of the general verdict. The Court told the jury, that, if Collins delivered the colt to Lovell without first taking a bond, he was not proceeding regularly and the writ was no protection. To this instruction the defendants excepted.

The Court also instructed the jury, that, in order to replevy the colt, the law required Collins to take possession of it, so that it could be appraised or its value agreed upon, and then take a bond from the plaintiff to the defendant; that the law required him to do this before turning the colt over to the plaintiff; that, if he did this, or in good faith intended to take such bond before turning the colt over to the plaintiff, he was proceeding regularly; and that he had a right, if he was proceeding regularly, to take the colt into his possession in the first place, in order to make an appraisal of it or have an agreement as to its value. The instruction excepted to presents the question of whether it is necessary for an officer, when serving a replevin writ, to take a bond from the plaintiff in the writ to the defendant before delivering the property replevied to the plaintiff. V. S. 1472, requires an officer, before serving a replevin writ, to take a bond from the plaintiff to the defendant. This imposes upon him the duty of

tàking a bond before he delivers the property to the plaintiff. His doing so after the property had been delivered is not taking a bond before serving the writ, and is not a compliance with the statute. When the property has been delivered to the plaintiff, the service of the writ, so far as it relates to the transfer of the property from the possession of the defendant to the possession of the plaintiff, is completed, and the property has been replevied. In *Miller* v. *Cushman,* 38 Vt. 598, the Court, in holding that the bond should be given before the replevin is completed, said: "The fair construction of the officer's return would place the appraisal and giving of the bond, as they should be, subsequent to the taking of the property from the defendant and prior to its delivery to the plaintiff."

In *Eastman* v. *Barnes,* 58 Vt. 330, 1 Atl. 569, TAFT, J., in delivering the opinion of the Court, said: "The security taken by way of bond in replevin is a substitute for the property, and the defendant is entitled to such security at the time his property is taken; if he does not get it then, he never may; and the defect cannot be cured by filing a bond subsequently." In *Walcott* v. *Mead,* 12 Met. 516, it is held that the officer may commence the service of a writ of replevin before taking a bond from the plaintiff, doing only so much, however, as is necessary to effect an appraisement of the value, preparatory to taking a bond. He has no authority for delivering the property to the plaintiff to be taken into custody, until the plaintiff has given the bond required by the statute; but the writ may be delivered to the officer, and he may begin to execute it, proceeding only so far as is requisite to enable him to take a proper bond. The form for a replevin writ prescribed in V. S. 5417, form 11, commands the officer to replevy the property and deliver it to the plaintiff

in the writ, provided he give a bond in double the value of the property, with a sufficient surety or sureties, to prosecute his replevin, pay such costs and damages as the defendant may recover against him, and to return the property in case such shall be the final judgment. This command requires him to take a bond before delivering the property to the plaintiff. He is not to deliver the property unless such bond is given, and, if he does so, he disregards the direction of his process. The giving of a bond is a condition upon which the lawfulness of the replevin depends. An officer, in the execution of his process, is bound to observe the commands of the law, whether expressed in the process itself or in the general law applicable to its execution; and an officer who, after taking property from the defendant in the replevin writ, delivers it to the plaintiff without first taking a bond from the plaintiff to the defendant, cannot justify his act in doing so under his process. *Wright* v. *Marvin,* 59 Vt. 437, 9 Atl. 601; *Ellis* v. *Cleveland,* 54 Vt. 437; *Driscoll* v. *Place,* 44 Vt. 252; *White & Co.* v. *Allen,* 30 Vt. 484; *Dearborn* v. *Kelley,* 3 Allen 426; *Moors* v. *Parker,* 3 Mass. 310; 18 Ency. Pl. & Pr. 617.

The defendants insist that there was no evidence in the case to submit to the jury upon the question of whether Collins had a completed bond at the time he delivered the property. It does not appear that this precise question was raised in the Court below. It does not appear that the defendants asked for such a ruling, nor that they excepted because the Court did not so rule. But the defendants did request the Court to charge, that the sufficiency of the writ or bond is not to be tried in this case; that, if there was any defect or insufficiency in the writ or bond in the replevin case, that question should have been tried in that case; and that the return on the writ imports absolute verity and cannot be inquired into or contradicted in this case. These requests were

properly denied.   No question was raised respecting the sufficiency of the writ or bond.   The question was whether the bond was seasonably taken, and the officer's return was not conclusive upon that question, notwithstanding the plaintiff was a party to the process on which the return was made. The return on the writ showed that Collins had served the writ in the manner the law requires, and as he was commanded to do by the precept, and was therefore conclusive in the replevin suit, as between the parties to that suit.   *Barrett* v. *Copeland,* 18 Vt. 67; *Windham* v. *Chester,* 45 Vt. 459; *Bank* v. *Downer,* 29 Vt. 332; *Witherell* v. *Goss & Delano,* 26 Vt. 748.   But the return is not conclusive in the case at bar. The officer who made it is a party defendant.   He seeks to justify an alleged assault under the process upon which the return is made.   His return was *prima facie* evidence in his favor, but it was open to contradiction by the plaintiff, notwithstanding the plaintiff was a party to the process on which the return was made.   *Barrett* v. *Copeland,* 18 Vt. 67.

The defendants asked for the following instruction: "That the legal presumptions are that Collins did not commit any assault, and that he discharged his duty in the serving of his process as he was commanded in his process to do, and that presumption stands with him until it is overcome by evidence."   To the refusal of the Court to comply with this request, the defendants excepted.   This request is sound in law.   That part of it which asked for an instruction, that it is presumed that Collins did not make an assault, states a rule of general application in civil cases, where a person is charged with fraud, dishonesty or crime.   In the case at bar, the defendants were charged with an assault and battery, which, under our statute, is a criminal offense.   Such being the nature of the charge, there was a legal presumption that the

defendants were innocent, and the jury should have been told
that the presumption existed. *Child* v. *Merrill,* 66 Vt. 308.
The defendants did not ask for an instruction that the law
presumes that Collins did not commit an assault because he
was an officer; they asked for no more than the ordinary in-
struction in such cases. Presumption of innocence, in this
class of cases, means that it is presumed that the defendant
did not commit the act charged. *Bradish* v. *Bliss,* 35 Vt. 328;
*Currier* v. *Richardson,* 63 Vt. 620. It is presumed the con-
trary not appearing, that sworn public officers, acting under
process, perform their duty as commanded by the general law
and their process; and this rule applies when public officers
seek to justify their acts, under process, in legal proceedings
to which they are parties. The defendants, in effect, asked
for such instruction. The issue presented by the evidence
called for the instruction. As we have seen, the general law
and the process under which Collins sought to justify his acts
made it his duty to take a bond from the plaintiff to the de-
fendant before delivering the property to the plaintiff. He
could not lawfully deliver the property without first taking a
bond. It appeared that a bond was taken and seasonably re-
turned with the writ to the Court, and the property replevied
and delivered to the plaintiff in the replevin suit. The plain-
tiff's contention was that the claimed justification was not a
defense, because, as he claimed, the bond was not taken before
the property was delivered to the plaintiff. This was a ma-
terial issue and was found in favor of the plaintiff. It being
the duty of Collins to take a bond before delivering the prop-
erty, and the lawfulness of the replevin being dependent upon
his doing so, and it appearing that a bond was taken and the
property delivered, it is presumed, until the contrary appears,
that he did his duty as commanded by his process and season-

ably took the bond. The request upon this subject, when read in connection with the issue made on the trial, does not call for more than this. It is limited to duties enjoined by the process. The only issue made respecting these duties was whether the bond was taken before the property was delivered to the plaintiff. Upon this issue, the defendants were entitled to the benefit of the presumption; and the denial of the request was error. *Bank* v. *Tucker,* 7 Vt. 134; *Insurance Co.* v. *Wright,* 60 Vt. 515, 12 Atl. 103; *Chandler* v. *Spear,* 22 Vt. 388; *Mc-Kinstry* v. *Collins and Lovell,* 74 Vt. 147, 52 Atl. 438; *Drake* v. *Mooney,* 31 Vt. 617; *Fairbanks* v. *Benjamin,* 50 Vt. 99; *Brock* v. *Bruce,* 59 Vt. 313, 10 Atl. 93; *Sargeant* v. *Sunderland,* 21 Vt. 284; *Jewett* v. *Guyer,* 38 Vt. 209; *Nofire* v. *United States,* 164 U. S. 657; *Hartwell* v. *Root,* 19 John. 345, 10 Am. Dec. 232; *Jackson* v. *Shafer,* 11 John. 517. In 22 Am. & Eng. Ency. Law, 2 Ed. 1267, many cases are cited in support of the rule, that the general presumption is that public officers perform their official duty and that these official acts are regular, and where some preceding act or pre-existing fact is necessary to the validity of an official act, the presumption in favor of the validity of the official act is presumptive proof of such preceding act or pre-existing fact.

*Judgment reversed, and cause remanded.*