### DOHERTY v. LYNETT.

(Circuit Court, M. D. Pennsylvania. September 10, 1907.)

No. 39, October Term, 1905.

1. LIMITATION OF ACTIONS—PLEADING—STATUTE.
   The defense of the statute of limitations cannot be made by demurrer.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Limitation of Actions, §§ 670, 671.]

2. LIBEL—PUBLICATION LIBELOUS PER SE—CHARGING WANT OF INTEGRITY.
   An article published by defendant, which as set out in plaintiff's statement directly charged plaintiff with having betrayed his trust as a delegate of a branch of a fraternal order in favor of a rival branch, from which he accepted money to that end, was libelous per se, and an averment of special damages was not necessary.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 95.]

At Law. On demurrer to plaintiff's statement.

R. A. Zimmerman, for plaintiff.
Cornelius Comegys, for defendant.

ARCHBALD, District Judge. Under the statute of limitations in Pennsylvania, an action for libel must be begun within a year; and as the date of publication here is given as March 7, 1904, while suit was not brought until August 24, 1905, the plaintiff is thus apparently barred, if the statute is pleaded, unless he can show something to obviate it. But it is hornbook law that advantage cannot be taken of the running of the statute by demurrer, but must be set up by plea,

if for no other reason than that otherwise the plaintiff would have to anticipate the defense and insert in his declaration the facts on which he relied to avoid it, confusing the issues. Barclay v. Barclay, 206 Pa. 307, 55 Atl. 985. Of course, where time enters into the right of action it is different, as where action is given by statute and it is in the same connection provided that it shall be brought within a specified time. But that is not the case here.

The only other question on this demurrer is whether a prima facie cause of action is stated. The publication complained of has to do with certain alleged internal troubles in the fraternity known as the "Ancient Order of Hibernians," by reason of which the Board of Erin branch decided not to parade on St. Patrick's day, three years ago. This, according to the article, was the sequel of what had occurred at the International Conclave of the order at Belfast, Ireland, in 1902, where the plaintiff, as it is charged, was guilty of treachery to those whom he was supposed to represent there. Discussing this, at the Board of Erin meeting, where the question of engaging in the parade came up, it is said that a statement was read by Mr. O'Donnell in which the plaintiff, who was a delegate to the Conclave from the Board of Erin branch, was declared to have betrayed that organization and attempted to sell it out to its rival, the Ancient Order of Hibernians of America, in consequence of which the plaintiff was subsequently expelled from the Board. Enlarging upon the subject, the article proceeds to state that:

"Francis Hughes, a delegate, said that Doherty's treachery * * * had been discovered by means of letters, and by an investigation made by two other delegates, and that money had been paid by the rival order."

By this, according to the averment of the declaration, the plaintiff is charged with being guilty of treachery to the Ancient Order of Hibernians of Erin, of which he was a member, betraying the organization while representing it as a delegate, and attempting to sell it out to a rival by whom he was paid money, being thus guilty of taking a bribe, as it is said, and, his treachery being discovered, being expelled.

The declaration or statement where this is set forth is very inartistically drawn, there being practically nothing by way of colloquium or innuendo to explain the article or apply it to the case in hand. Nor is there anything in it to support the suggestion that the crime of accepting a bribe is charged. Taking money as the reward for dishonorable action is not necessarily a criminal offense, however much it may reflect on the party's probity. But, aside from this, it is distinctly and unequivocally declared that the plaintiff was recreant to the trust confided in him as a representative of the fraternal order to which he belonged, betraying its interests in favor of a rival, from whom he accepted money to that end, with the result that, having been discovered, he was expelled. That this was calculated to hold him up to public odium and the reprehension of all honest men there can be no doubt. It certainly was a serious reflection on his integrity, tending to deprive him of the confidence and respect which he would otherwise be entitled to enjoy. It was thus libelous per se. 25 Cyc. 256;

Wood v. Boyle, 177 Pa. 620, 35 Atl. 853, 55 Am. St. Rep. 747. And the law thereupon presumes damages, so that special damages did not have to be laid.

The demurrer is overruled, with leave to the defendant to plead issuably within five days.